Tara **GERTEL**, Harvey Gertel, and Reva Gertel, Plaintiffs,

v.

**SCHOOL COMMITTEE OF the BROOK-LINE SCHOOL DISTRICT and Harold Raynolds, Jr., Commissioner of Education for the Commonwealth of Massachusetts, Defendants.**

Civ. A. No. 91–12291–K.

United States District Court, D. Massachusetts.

Jan. 10, 1992.

---

**702**

Helen Elizabeth Morgan, Peter B. Finn, Rubin & Rudman, Boston, Mass., for plaintiffs.

Sara Holmes Wilson, Brookline, Mass., Beth D. Levi, Government Bureau, Boston, Mass., Harold Raynolds, Jr., Com'r of Educ. for Com. of Mass., Quincy, Mass., for defendants.

MEMORANDUM AND ORDER

KEETON, District Judge.

This is an action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, for review of a February 4, 1991 decision of the Massachusetts Bureau of Special Education Appeals ("BSEA") denying reconsideration of the BSEA's November 2, 1990 decision holding the government not responsible for reimbursing the plaintiffs for the costs of Tara Gertel's education at the Learning Preparatory School in the 1989–90 school year. Defendants have filed motions to dismiss

(Docket Nos. 6, 9) on the ground that the action is time-barred. For the reasons stated below, defendants' motions are hereby granted.

I.  Facts

For the purpose of addressing defendants' motions to dismiss, I accept plaintiffs' factual allegations as true. Tara Gertel is a learning-disabled, cognitively-impaired 14–year–old student. She attended school in the Brookline Public Schools from kindergarten through sixth grade. In April 1989, an Individual Educational Plan ("IEP") was proposed for the 1989–90 school year that recommended placing Tara in a special education class at the Baker Elementary School in the Brookline school district. Out of concern for Tara's educational and emotional well-being, factors that Tara's parents believed were inadequately addressed in the IEP, Tara's parents placed her in a private school, the Learning Preparatory School.

On November 29, 1989, the Gertels formally rejected the proposed IEP, and continued Tara's placement at the Learning Preparatory School. In February 1990, the Gertels requested a hearing before the BSEA to obtain reimbursement for the costs of Tara's private school education, plus attorneys' fees and disbursements. The BSEA determined that Brookline could provide Tara with an appropriate public school education, and, in a November 2, 1990 decision, denied reimbursement of Tara's education costs. A motion for reconsideration was filed by the Gertels and was denied by the BSEA on February 4, 1991.

While the Gertels' motion for reconsideration was pending before the BSEA, procedures were underway before the BSEA concerning Tara's IEP for the 1990–91 school year. Settlement discussions were also occurring that might have resolved ongoing disputes for both years; however, those discussions failed to bear fruit. There is no dispute that as of February 4, 1991 all of these discussions came to a halt. Nevertheless, this action was not brought

by the Gertels pursuant to 20 U.S.C. § 1415(e)(2) until August 29, 1991, almost eight months after their motion for reconsideration was denied and after conclusion of the 1990–91 school year (indeed, just before the inception of the present 1991–92 school year).

## II. Discussion

■ Section 1415(e)(2) grants the Gertels the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

The statute does not specify a limitation period for the bringing of actions. It is well-settled that in this circumstance the federal court shall borrow and apply an appropriate statute of limitation derived from state law. Plaintiffs contend that determination of the appropriate state statute of limitation is made by application of a two-prong test: (i) the limitation period must be borrowed from a state cause of action that is analogous to the federal action, and (ii) the limitation period must be consistent with the policies of the federal statute. This is not a strictly correct statement of the law.

Implicit in plaintiffs' two-prong analysis is an assignment of equal weight to the two factors to be considered. Thus, a limitation period from an analogous cause of action could be rejected in favor of a period associated with a less analogous state cause of action deemed more consistent with the federal statute solely on the basis of the lengths of the limitation periods themselves. The correct method for selection of the appropriate limitation period as established by the Supreme Court is to choose the *most* analogous state cause of action. *Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1942–43, 85 L.Ed.2d 254 (1985). The limitation period associated with that action limits the federal action unless inconsistent with the policies of the federal statute.

### A.

■ In order to determine the limitation period, I must find the limitation period associated with the state cause of action most analogous to an action under § 1415(e)(2). Defendants contend that the 30–day limitation period prescribed by Mass.Gen.L. ch. 30A, § 14, governing appellate review of administrative determinations, is the appropriate choice. Plaintiffs have registered their opposition, arguing that § 14 is not sufficiently analogous. As the Supreme Court has noted, however, analogies to state law causes of action are bound to be imperfect. *Wilson,* 471 U.S. at 272, 105 S.Ct. at 1944–45. Plaintiffs, having noted that the statutes of limitation associated with all other Massachusetts state law causes of action are sufficiently lenient to allow their claims, assert that the court should find any other limitation period to apply.

Courts that have considered this issue are divided on the subject. *Compare Adler v. Education Dept.,* 760 F.2d 454 (2d Cir.1985) (selecting 4–month period prescribed for administrative review process); *Spiegler v. District of Columbia,* 866 F.2d 461 (D.C.Cir.1989) (selecting 30–day period prescribed for administrative review process); *Department of Educ. v. Carl D.,* 695 F.2d 1154 (9th Cir.1983) (selecting 30–day period prescribed for administrative review process); *Scokin v. Texas,* 723 F.2d 432 (5th Cir.1984) (30–day period prescribed for administrative review process, though "apparently" most analogous, rejected for other reasons) and *Schimmel v. Spillane,* 819 F.2d 477 (4th Cir.1987) (30–day period prescribed for administrative review process, though most analogous, rejected for other reasons) *with Tokarcik v. Forest Hills School Dist.,* 665 F.2d 443 (3d Cir. 1981) (rejecting administrative review analogy, and suggesting in *obiter dictum* that two-year period associated with personal injury actions is most analogous), *cert. denied,* 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982) and *Janzen v. Knox County Bd. of Educ.,* 790 F.2d 484 (6th Cir.1986) (selecting three-year period for property tort claims based upon statutory

liability for personal services rendered). The only court within this circuit to have considered the issue held that the 30–day period prescribed by the New Hampshire statute governing appellate review should be applied. *Bow School Dist. v. Quentin W.*, 750 F.Supp. 546 (D.N.H.1990). The question has not been addressed by the First Circuit, nor has any court sought to make an appropriate determination with regard to Massachusetts law. Therefore, the question is one of first impression for this court.

I conclude that the appellate review process presents the most appropriate analogy to the § 1415(e)(2) cause of action involved in this case. First, I conclude that the weight of authority rests in that direction, on the basis of the persuasiveness of the decisions rendered as well as the relative numbers of authorities in each direction.

The decision in *Janzen*, 790 F.2d at 484, was based upon the fact that no administrative proceedings had taken place. The exhaustion requirement was excused in that case because any hearing that might have been granted would have been futile in view of the school board's fixed determination not to make reimbursement. The Sixth Circuit concluded that the 60–day statute of limitation "which applies to appeals from agency rulings is inapplicable because the Janzens had no ruling of any kind from which to appeal." *Id.* at 487. In the present case, the BSEA reviewed the Gertels' claims not once, but twice. The decision of the Sixth Circuit therefore has no bearing on this issue.

I find the decision of the Third Circuit in *Tokarcik*, 665 F.2d at 443, unpersuasive in view of Judge Rosenn's dissent in that case, and, more importantly, in view of the Supreme Court's intervening decision in *Board of Educ. v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). The opinion of the Court in *Tokarcik* on this issue is based in large part on perceived differences between an action under § 1415 and an action under state law for appellate review of an administrative determination. Writing for the Court, Judge Adams asserted that the state review procedure involved restricted court review, limited factually to the administrative record, and limited legally to an arbitrary and capricious scope of review; yet, under § 1415 the parties could adduce new evidence, and the court could make a de novo determination based on a preponderance of the evidence standard. Of course, the precise scope of appellate review in Massachusetts differs from that in Pennsylvania, a matter which will be addressed in further detail below. The more fundamental point at present is that the Supreme Court's decision in *Rowley* undercut the force of Judge Adams' argument regarding the scope of review under the federal statute. In *Rowley*, the Court held that "the provision that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Rowley*, 458 U.S. at 206, 102 S.Ct. at 3051. Thus, despite "de novo review," due weight must be given to the administrative proceedings, *id.*, and the primary focus of federal court review is to ensure both that the state complied with mandated procedures and that the state arrived at a result "reasonably calculated" to enable the child to receive educational benefits. Thus, the magnitude of the difference between § 1415(e)(2) review and state court appellate review is substantially narrower than the Third Circuit perceived it to be in 1981.

The substantial weight of recent authority holds that the appellate review procedure provides the most appropriate analogue to § 1415 review. Plaintiffs' attempts to argue otherwise are largely unavailing. Plaintiffs contend that the federal statute allows parties to introduce additional evidence not presented in the administrative proceedings, but that the state statute does not. This assertion is overstated in view of the fact that reviewing courts will accept the record before the BSEA as the primary evidence before it. Moreover, plaintiffs' contention is inconsistent with state law.

If application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material to the issues in the case, and that there was good reason for failure to present it in the proceeding before the agency, the court may order the additional evidence be taken before the agency upon such conditions as the court deems proper. The agency may modify its findings and decision by reason of such additional evidence and shall file with the reviewing court, to become part of the record, the additional evidence, together with any modified or new findings or decision.

Mass.Gen.L. ch. 30A, § 14(6). Although this provision is not as lenient as the federal statute, it does allow litigants to bring evidence before the court that was not available at the time of the initial administrative hearing. Moreover, the statute of limitation associated with § 14 applies even in cases where review is to be conducted by trial de novo. *Id.*, § 14. Therefore, plaintiffs' contention is lacking in merit.

The Gertels also assert that the remedy a court may accord under ch. 30A is different from that available under § 1415. Section 1415 allows a court to grant "such relief as the court determines is appropriate." Section 14 of the Massachusetts statute allows a court to affirm the decision of the agency or remand the matter for further proceedings. However, § 14 also allows the court to set aside or modify the agency decision or compel any action unlawfully withheld or unreasonably delayed. I conclude that review under § 14 is sufficiently comparable to § 1415 proceedings in this respect.

Plaintiffs remaining contentions focus on grounds largely adopted by the court in *Tokarcik*, and must be rejected in view of the Supreme Court's decision in *Rowley*. Plaintiffs imply that a court reviewing an administrative determination under § 1415 has broad discretion to reach its own findings, and need not give deference to the specialized knowledge of the administrative body. Plaintiffs are correct that review is limited under ch. 30A; however, plaintiffs are incorrect that a reviewing court has

much broader discretion under the federal statute.

It is true that the review process governed by ch. 30A is not identical to that provided by § 1415. However, identity is not required. I must find the most analogous state law cause of action. The alternatives suggested by plaintiffs are poorer matches than ch. 30A. Although the present civil action is styled an original action rather than an appeal, plaintiffs have, as required under § 1415, made their claims initially before an administrative board. The findings of the BSEA are entitled to some deference. Plaintiffs have sued for reimbursement of their education expenses, arguing that the education the state would provide is inadequate under the law. That claim is not highly comparable to a contract claim or a tort claim, even one for personal injuries against a city or town. Thus, I conclude that the most analogous cause of action under Massachusetts law is that provided by ch. 30A, governing appellate review of administrative proceedings.

In selecting the 30–day limitation period associated with actions under ch. 30A, I have considered an additional point not raised by any party to this litigation. The Supreme Court has recently noted circumstances in which it is more appropriate to adopt a limitation period associated with a related federal cause of action than to follow the prevailing rule that a state limitation period must be borrowed. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). Although I recognize that a federal interest exists in a uniform statute of limitation for actions under § 1415, I conclude that I cannot predict in the present circumstances that the Court will conclude that this is such a case. *See id.* 111 S.Ct. at 2783 (Stevens, J., dissenting).

### B.

Choosing the limitation period provided in ch. 30A, § 14 does not end the inquiry. Plaintiffs contend that the 30–day period provided in that statute is at odds with the

purpose behind the IDEA. Once again, the circuits that have considered this question have answered it in different ways. *Compare Spiegler v. District of Columbia*, 866 F.2d 461 (D.C.Cir.1989) (30 days adequate); *Department of Educ. v. Carl D.*, 695 F.2d 1154 (9th Cir.1983) (30 days adequate) and *Adler v. Education Dept.*, 760 F.2d 454 (2d Cir.1985) (4 months adequate) *with Schimmel v. Spillane*, 819 F.2d 477 (4th Cir.1987) (30 days incompatible with § 1415); *Scokin v. Texas*, 723 F.2d 432 (5th Cir.1984) (30 days incompatible with § 1415); *Tokarcik v. Forest Hills School Dist.*, 665 F.2d 443 (3d Cir.1981) (30 days incompatible with § 1415), *cert. denied*, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982) and *Janzen v. Knox County Bd. of Educ.*, 790 F.2d 484 (6th Cir.1986) (one year incompatible with § 1415). With respect to this question, I find the minority view more persuasive. I conclude that a 30–day statute of limitation is not inconsistent with the policies of the IDEA.

The objections raised by plaintiffs and made by the majority of circuit courts that have considered this question are not persuasive.

The Sixth Circuit held that one year was an insufficient time for bringing actions based upon its own assertion as a conclusion that "one year would have the effect of severely constricting" rights granted by the IDEA. *Janzen*, 790 F.2d at 488. "Certainly a longer period of time is necessary to encourage parental involvement in the decisions relating to the education of a child and to prevent the disallowance of meritorious claims by the uninformed and unaware." *Id.* This conclusion is not supported by the fundamental procedural structure for review of IEPs. New IEPs are required to be made at least once every year, § 1414(a)(5), and are therefore reviewable at least annually. Moreover, following each year's review of an IEP, a new 30 day period is opened for appeal to the courts. Thus, a longer statute of limitation is not required to enable parental involvement over a period of months or years.

The Third Circuit objected that 30 days does not give parents enough time to evalu-

ate their child's needs. *Tokarcik*, 665 F.2d at 443. That objection is countered on a number of grounds. First, it is at odds with the annual review process, as stated above. Second, because the principal remedies anticipated by the IDEA are the proper placement of the child and the granting of procedural safeguards, *Adler*, 760 F.2d at 459, a short limitation period is consistent with the goal of resolving disputes while a remedy is still available. And, third, the 30–day period follows upon the heels of a much longer period comprising the following: as much as a 45–day lag between the date review of an IEP is requested and the initial review of that IEP, the duration of that initial review until decision is reached, an additional period preceding reconsideration of the initial decision, and the duration of the reconsideration proceeding. *See Tokarcik v. Forest Hills School Dist.*, 665 F.2d 443, 459, 465 (3d Cir.1981) (Rosenn, J., dissenting), *cert. denied*, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982). Although the present case may not be typical because of the lengthy settlement negotiations that occurred, it is noteworthy that twenty-two months passed between the proposal of the 1989–90 IEP and the final action taken by the BSEA.

The Third Circuit also suggested that a 30–day period is inadequate for the gathering of the additional evidence needed for orderly review of the administrative decision, and unnecessarily harsh in view of lengthy court backlogs. These suggestions are in some respects inconsistent with one another. Lengthy court backlogs provide additional time for gathering further evidence, although the possibility of collecting additional evidence is diminished in view of the need for long-term evaluation of the child in the environment selected. On the other hand, the incentive for collecting additional evidence for any given proceeding is small in view of the value of long-term evaluation and the availability of de novo review in the succeeding year. Moreover, the likelihood that any additional evidence that may be adduced will change the outcome is reduced by the Supreme Court's command in *Rowley*. In any event, ch. 30A

itself provides for the extension of the 30–day limitation period for good cause shown. Mass.Gen.L. ch. 30A, § 14(1).

The length of court backlogs only highlights the need for prompt action by parents concerned that the IEP selected by the state will not meet their child's needs. Some courts have objected that the need for prompt action does not justify cutting off the right to obtain review after 30 days. *E.g., Scokin,* 723 F.2d at 437. However, the courts do not function as a legislature to determine and set ideal statutes of limitation. Acting pursuant to the more limited judicial role, I cannot conclude that a 30–day limitation period is *inconsistent* with the clear federal policy evinced in the IDEA for rapid resolution of special education placement disputes.

The Third Circuit also stated that 30 days was not enough time for parties to shift gears from the state agency review process to federal appellate review. However, the shift from the agency process to the courts is far more significant than the difference between state and federal courts. Nevertheless, if the parents elect to proceed with state court review, the 30–day period provided in ch. 30A is controlling. A longer period for appeal to the federal courts is not required.

The Fifth Circuit's decision in *Scokin,* 723 F.2d at 432, though made after the Supreme Court's opinion in *Rowley,* relies heavily on *Tokarcik* and fails to note that *Rowley* substantially undercut the persuasive force of the *Tokarcik* opinion. Indeed, the Fifth Circuit relied on *Rowley* only for the proposition that parents need not be forced to act quickly since they will do so in any event as of their nature.

The Fifth Circuit did highlight, however, the fact that additional time may be required to enable parents to obtain counsel before proceeding to the courts, a factor only touched upon by the Third Circuit's observation that a 30–day statute of limitation may operate harshly against lay individuals. That worry, though legitimate, is muted by two factors. First, the IDEA requires that parents be notified of their post-hearing procedural rights, including the right to proceed to the courts and the limitation period associated therewith. *See Spiegler,* 866 F.2d at 469. Second, courts that have found the 30–day period adequate have noted the possibility that equitable tolling may remove the harsh edge of the limitation in appropriate circumstances. *See, e.g., Carl D.,* 695 F.2d at 1158.

The last of the appellate court decisions relied upon by plaintiffs holding that 30 days is inadequate, and the most recent, was announced by the Fourth Circuit in 1987. *Schimmel,* 819 F.2d at 477. That opinion, like plaintiffs' memorandum, merely restates and relies upon the objections discussed above. Thus, all objections have been considered and are rejected.

### C.

Plaintiffs make one last effort to save their complaint. The Gertels argue that even if the 30–day limitation period is determined to apply to actions under § 1415(e)(2), that determination should be applied prospectively only. The basis for this contention is that the Gertels had "no reason to think that their rights under the IDEA had to be pursued within thirty days after the Bureau's final decision."

Following the BSEA's decision, the Gertels received a notice entitled "Effect of Bureau Decision and Post–Decision Procedures." That notice stated:

The decision of the Bureau of Special Education Appeals is final and, except as provided above with regard to post-decision procedures, is not subject to further agency review. Any party may file a complaint in the Superior Court of competent [sic] jurisdiction or in the District Court of the United States for Massachusetts for review of the Bureau decision. 20 U.S.C. s. 1415(e)(2). Under Massachusetts General Laws Chapter 30A, Section 14(1), appeal of a final Bureau decision must be filed within 30 days of receipt of the decision.

The Gertels challenge the effectiveness of the notice that an appeal must be taken within 30 days under Massachusetts law, since they brought their action in federal

court under federal law. The notice is not a model of careful drafting. Nevertheless, I conclude that the notice was sufficient. To a trained lawyer, aware that § 1415(e)(2) provides no statute of limitation and that therefore one must be borrowed from state law, the notice is clear that the position of the Commonwealth of Massachusetts is that the appropriate limitation period is 30 days. The Gertels had counsel during the relevant time period. *See* Pls.' Mem. in Opp. etc. (Docket No. 12) at 11–12 n. 3 ("[T]he issue of representation is not specifically applicable to this case...."). Further, I also find that the notice provided sufficient warning to a lay person that prompt action must be taken. It unequivocally states that under Massachusetts law, appeal of the state bureau's determination must be taken within 30 days. A lay person would have no reason to believe that any other law governs; in fact, none does.

It is the ordinary presumption that rulings of courts are applicable in the cases in which they are announced. The Supreme Court has recognized that there are circumstances, nevertheless, in which it would be unjust to apply a new statute of limitation retroactively. Ordinarily, a court will not apply "a new limitations period retroactively to the very case in which it announced the new rule so as to bar an action that was timely under binding Circuit precedent." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. ——, 111 S.Ct. 2773, 2786, 115 L.Ed.2d 321 (1991) (O'Connor, J., dissenting). Of course, if there existed binding precedent, this court could not disregard it. This, however, is not a case involving a justified reliance interest in a precedent supporting a longer limitation period. My determination that a 30–day limitation period governs this action is consistent with any reasonable expectation. That determination was arrived at by following the settled law at the time this lawsuit was initiated, requiring a state limitation period to be absorbed into the federal cause of action. Moreover, before this lawsuit, the most recent pronouncement by any circuit court regarding the statute of limitation to be applied was

that a 30–day period applies. *Spiegler v. District of Columbia,* 866 F.2d 461 (D.C.Cir.1989). Therefore, there is no reason to disregard the presumption of retroactivity in this case. The Gertels' complaint must be dismissed as time-barred.

Order

For the foregoing reasons, it is hereby ORDERED:

(1) The Brookline School Committee's Motion to Dismiss (Docket No. 6) is ALLOWED.

(2) The State Defendant's Motion to Dismiss (Docket No. 9) is ALLOWED.

(3) The plaintiffs' complaint is dismissed with prejudice. Costs are taxed to plaintiffs in this action.