**BERNARDSVILLE BOARD OF EDUCATION, Plaintiff,**

v.

**J.H., et al., Defendants.**

**Civ. No. 92–3694 (CSF).**

United States District Court,
D. New Jersey.

March 22, 1993.

---

Schwartz, Simon & Edelstein by Nathanya G. Simon, Livingston, NJ, for plaintiff.

Theodore A. Sussan, Spotswood, NJ, for defendants.

## OPINION

CLARKSON S. FISHER, District Judge.

Before the court are two motions. First is a motion brought by defendants, J.H. and E.H., individually and on behalf of their minor son, J.H., and J.H., individually, for summary judgment. Also before the court is a cross-motion brought by plaintiff, the Bernardsville Board of Education (BOE), for summary judgment. For the reasons set forth below, both defendants' and plaintiff's motions for summary judgment are denied.

## FACTS

J.H. is an eighteen-year-old male. In first grade, he was referred to plaintiff's Child Study Team (CST) to be evaluated. In February and March of 1982, the CST completed a social history, educational assessment and psychological evaluation of J.H. In April of 1982, J.H. was classified as perceptionally impaired, and he was placed in a resource room for reading, math and language arts.

For the 1987–1988 school year, when J.H. was in seventh grade, the CST, which periodically evaluated J.H., recommended that he be placed in a special education class. An Individualized Education Plan (IEP) was developed on February 17, 1987, with members of the CST and J.H.'s mother present.

In September 1987, J.H.'s parents removed J.H. from the Bernardsville School System and placed him at the Landmark School in Massachusetts, a residential school for handicapped children. J.H. attended the Landmark School for the seventh grade (1987–88), eighth grade (1988–89) and ninth grade (1989–90), through May of 1990.

On or about September 28, 1989, J.H.'s parents, through legal representation, requested an administrative hearing petitioning the Bernardsville School District to provide

an appropriate placement for J.H. and seeking reimbursement for their expenses in placing J.H. at the Landmark School from September 1987. The BOE, also through legal counsel, denied defendants' request for reimbursement in a letter dated October 11, 1989. It reasoned that J.H.'s parents unilaterally, and without the BOE recommendation, had placed J.H. in the Landmark School. Furthermore, it reasoned that it would be necessary to reevaluate J.H.'s development before the BOE could make a determination regarding placement.

On November 17, 1989, J.H.'s parents filed a new request for an administrative hearing. On November 29, 1989, J.H.'s representative agreed to a mediation conference in lieu of an immediate settlement conference. On December 8, 1989, the parties reached an agreement which kept the case from proceeding to the Office of Administrative Law (OAL).

From December 1989 through April 1990, plaintiff's CST conducted a reevaluation of J.H. to develop an appropriate IEP. On or about May 7, 1990, J.H. left the Landmark School, and he finished the school year at the Bernardsville High School by use of the proposed IEP, which was implemented for the balance of the 1989–1990 school year.

On September 4, 1990, J.H.'s father signed an authorization for the placement of J.H. which stated that he authorized the Bernardsville High School "as an interim placement pending agreement on an IEP, upon agreement by the BOE that such placement shall not thereby become the current educational placement within the meaning of federal or state statutes and regulations pertaining to special education." J.H. attended the Bernardsville High School for his tenth-grade education (1990–91), at which time the proposed IEP plan was implemented.

On January 4, 1991, having been unable to settle the case, petitioners' counsel asked that the matter be turned into a request for due process. Specifically, petitioners alleged that J.H. had been deprived of a free, appropriate public education, in violation of the Individuals with Disabilities Education Act ("IDEA" or "Act"), 20 U.S.C. § 1400(c), formerly named the Education of the Handicapped Act ("EHA" or "Act"). Furthermore,

petitioners requested reimbursement of the monies spent on J.H.'s attendance at the Landmark School from the summer of 1987 through May of 1990, as well as fees and costs, pursuant to 20 U.S.C. § 1415(e)(4).

A hearing was conducted before an Administrative Law Judge (ALJ) of the New Jersey Office of Administrative Law, OAL Docket No. EDS 576–91, Agency Docket No. 90–3242. On June 24, 1992, the ALJ rendered a written opinion which found that respondent had failed to provide J.H. with a free, appropriate education and had failed to comply with the procedural requirements of N.J.A.C. 6:28–1.1, which thereby deprived J.H. of the opportunity to increase his ability to read. The ALJ concluded that petitioners were entitled to reimbursement for tuition expenses at the Landmark School for the school years 1987–88, 1988–89 and 1989–90, but not room and board. On September 2, 1993, the BOE appealed the ALJ's decision by filing the instant civil action pursuant to 20 U.S.C. § 1415(e)(2).

## SUMMARY JUDGMENT

Presently before the court is defendants' motion for summary judgment against plaintiff on the ground that plaintiff's request for an appeal is time barred. Also before the court is plaintiff's cross-motion for summary judgment against defendants on the alternative grounds that defendants waived their right to reimbursement or that defendants are barred from being reimbursed because they failed to comply with New Jersey's regulations. The court will first address defendants' motion for summary judgment.

▆ Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Brown v. Hilton,* 492 F.Supp. 771, 774 (D.N.J.1980). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). This "burden ... may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

 There is no issue for trial unless the nonmoving party can demonstrate that there is sufficient evidence favoring the nonmoving party so that a reasonable jury could return a verdict in that party's favor. *Id.* at 249, 106 S.Ct. at 2510. In deciding a motion for summary judgment, the court must construe the facts and inferences in a light most favorable to the nonmoving party. *Pollock v. American Tel. & Tel. Long Lines,* 794 F.2d 860, 864 (3d Cir.1986). The role of the court, however, is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511.

 Section 1415(e)(2) of the IDEA gives an aggrieved party the right to bring a civil action; however, it does not specifically prescribe a limitation period within which such action must be brought. When there is not a limitations period enunciated in a federal statute, the federal courts may "borrow" one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies. *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985).

 In this matter, defendants contend that an appropriate limitations period for filing an action under 20 U.S.C. § 1415(e)(2) would be 45 days, which represents the time period for administrative appeals pursuant to New Jersey's Court Rule 2:4–1(b). Therefore, defendants allege, because the BOE did not file an appeal from the ALJ's decision for seventy-one days after the ALJ rendered his opinion, it should not now be permitted to appeal the ALJ's decision to award defendants reimbursement.

Plaintiff, on the other hand, argues that pursuant to the Third Circuit's opinion in *Tokarcik v. Forest Hills Sch. Dist.,* 665 F.2d 443 (3d Cir.1981) (Rosenn, J., dissenting), *cert. denied sub nom. Scanlon v. Tokarcik,* 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982), a two- or six-year limitations period is appropriate to apply to an action brought pursuant to 20 U.S.C. § 1415(e)(2), as such limitations periods control virtually all actions in Pennsylvania.

In *Tokarcik,* the majority rejected a 30–day limitations period in which to bring an appeal under 20 U.S.C. § 1415(e)(2). It adopted the reasoning enunciated in *Monahan v. State of Neb.,* 491 F.Supp. 1074 (D.Neb.1980), *aff'd in part, rev'd and remanded in part on other grounds,* 645 F.2d 592 (8th Cir.1981), to support its position that a longer time period is more appropriate.

The court's first reason in support of a longer limitations period was that because the standard of judicial review is not limited to the examination of the administrative record, but is more akin to a *de novo* review, it is not appropriate to make the limitations period the same as that period applied in an appeal of a state administrative agency.

Second, the court found that a shortened period to appeal would take away from Congress's intent to provide for an independent court review of the educational administrative system by restricting the range of disputed issues which could be brought to the court's attention.

Last, the court opined that a thirty-day limitation period would frustrate statutory policy of parental involvement, at this time period would unfairly penalize the parties who are least familiar with such procedures. The last policy advanced by the court in *Tokarcik,* however, is not applicable to this case, because it was the BOE, and not J.H.'s parents, who appealed the ALJ's decision. Furthermore, because the BOE, and not J.H.'s parents, appealed the ALJ's decision, the facts in this case are distinguishable from the facts in *Tokarcik.*

Nevertheless, although the policy reasons advanced in support of the *Tokarcik* decision may not apply to the instant case and may be sensitive to the facts of that case, this court is constrained to apply the holding enunciat-

ed in *Tokarcik*, as it is still binding precedent within the Third Circuit.

The dissenting opinion in *Tokarcik* supports the defendants' position that the most analogous state statute prescribes a 30–day limitation period for appeals from administrative agencies, and disagrees with the three reasons the majority adopted from *Monahan*. Furthermore, the dissenting opinion states that the two- or six-year limitations period is counterproductive, in that it delays the dispute resolution process which concerns the appropriate educational placement of a handicapped child and, therefore, is inconsistent with the interpretation of the Act. *Tokarcik*, 665 F.2d at 466.

Several circuits which have had the opportunity to address the issue of which limitations period should apply to actions brought under 20 U.S.C. § 1415(e)(2) after *Tokarcik* and in light of the Supreme Court's decision in *Board of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), have disagreed with the holding in *Tokarcik* and have applied a shorter limitations period. In *Hendrick*, the Supreme Court interpreted the standard of review of the reviewing court under 20 U.S.C. § 1415(e) to be a "preponderance of the evidence" standard, rather than a *de novo* review of the school authorities. *Id.* at 206, 102 S.Ct. at 3051. *Compare Spiegler v. District of Columbia*, 866 F.2d 461 (D.C.Cir.1989) (selecting 30–day period prescribed for administrative review process); *Adler by Adler v. Education Dept. of State of N.Y.*, 760 F.2d 454 (2d Cir.1985) (selecting 4–month period prescribed for administrative review process); *Department of Educ., State of Haw. v. Carl D.*, 695 F.2d 1154 (9th Cir.1983) (selecting 30–day period prescribed for administrative review process); *Gertel v. School Comm. of Brookline Sch. Dist.*, 783 F.Supp. 701 (D.Mass.1992) (selecting 30–day period prescribed for administrative review process) *with Schimmel by Schimmel v. Spillane*, 819 F.2d 477 (4th Cir.1987) (selecting one-year limitation period for a personal cause of action); *Scokin v. State of Tex.*, 723 F.2d 432 (5th Cir.1984) (selecting two-year limitations period for state tort claims); *Janzen v. Knox*

*County Bd. of Educ.*, 790 F.2d 484 (6th Cir. 1986) (selecting three-year statute of limitations for services performed but not paid for).

In *Spiegler v. District of Columbia*, 866 F.2d 461 (D.C.Cir.1989), the most recent court of appeals case to address the limitations period issue, the court found that in light of the Supreme Court's interpretation in *Rowley* the actions brought under § 1415(e)(2) of the Act are more analogous to appeals from administrative agencies than to causes of action for which a limitation period is not otherwise specifically prescribed. *Spiegler*, 866 F.2d at 465. Therefore, *Spiegler* held that, "a suit under § 1415(e)(2) is sufficiently analogous to an appeal from an administrative decision to permit us to borrow the 30–day local limitations period for such appeals." *Id.* at 466.

Likewise, in *Gertel v. School Committee of Brookline School District*, 783 F.Supp. 701 (D.Mass.1992), the most recent district court case to consider the limitations period issue, the court concluded that the weight of authority based on the persuasiveness of the decisions rendered and the relative number of authorities in each direction make the appellate review process the most appropriate analogy to 20 U.S.C. § 1415(e)(2). *Id.* at 704. Furthermore, the court in *Gertel* was not persuaded by the *Tokarcik* decision, in light of Judge Rosenn's dissent, and also noted that *Rowley* substantially undercut the persuasive force of the *Tokarcik* opinion. *Gertel*, 783 F.Supp. at 707.

Even given the discussion in *Rowley* and the holdings in the recent line of cases after *Rowley* that have decided the issue of whether a shorter or longer limitations period should apply to actions brought pursuant to 20 U.S.C. § 1415(e)(2), this court is constrained to apply the two-year or six-year limitations period, and, therefore, plaintiff's action is not time barred.

■ Also before the court is plaintiff's cross-motion for summary judgment against defendants. First, plaintiff argues that defendants waived their right to reimbursement by unilaterally placing J.H. in a private school and failing to initiate review proceedings. Specifically, plaintiff alleges that under the holdings of *School Comm. of Town of*

*Burlington, Mass. v. Department of Educ. of Mass.*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), and *Lascari v. Board of Educ. of Ramapo Indian Hills Regional High Sch. Dist.*, 116 N.J. 30, 560 A.2d 1180 (1989), among other cases not binding to this court, retroactive reimbursement is awarded only for the period in which review proceedings are pending. However, neither of the cases cited above requires that parents commence appropriate and timely review before they seek reimbursement, and, therefore, plaintiff's motion for summary judgment on this ground is denied.

Plaintiff next argues, in the alternative, that its cross-motion for summary judgment should be granted because defendants are barred from seeking reimbursement, as they failed to comply with the 90–day time period in which to dispute the IEP pursuant to N.J.A.C. 6:24–1.2(c). However, rules pertaining to special education, as set forth in N.J.A.C. 6:28–1.1 *et seq.*, do not contain a time limit in which to request a due-process hearing. Furthermore, no case law has been presented which would suggest that a parent's failure to comply with the 90–day time limit in N.J.A.C. 6:24–1.2(c) bars the parent from seeking reimbursement in a special education case pursuant to 20 U.S.C. § 1415(e)(4), nor does this court believe that such a time limit would be in accordance with the purpose of the IDEA. Therefore, plaintiff's cross-motion for summary judgment on this ground is also denied.