UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2157

RICHARD AMANN, ET AL.,

Plaintiffs, Appellants,

v.

TOWN OF STOW, ET AL.,

Defendants, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella, Cyr and Stahl,
Ciricut Judges.

Richard Amann on brief pro se.

Scott Harshbarger, Attorney General, and Beth D. Levi,

Assistant Attorney General, on brief for appellee Commonwealth of
Massachusetts.
Kevin Hensley and Needham and Warren on brief for appellee

Town of Stow.
Maynard M. Kirpalani, Christine Hasiotis and Parker,

Coulter, Daley & White on brief for appellee Stow School System.

April 29, 1993

Per Curiam. Appellant Christopher Amann is a child with

learning disabilities who lives in Stow, Massachusetts.

Appellant Richard Amann is Christopher's father. Christopher

began to attend public school in Stow in 1983. Because he

suffered from learning disabilities, the Town was obligated

under the Individuals With Disabilities Education Act (IDEA),

20 U.S.C. 1400 et seq., to produce an "individualized

education program" (IEP) for him, and to review and update

the IEP annually. See generally Amann v. Stow School System,

982 F.2d 644, 646-47 (1st Cir. 1992) (per curiam) (describing

Town's obligations under IDEA). The Town did so until 1987,

when Christopher's parents withdrew him from the Stow school

system and placed him in a private school.

In 1990, at the request of Christopher's parents, Stow

came up with a new IEP that called for Christopher to return

to the Stow public schools. The Amanns rejected this IEP and

challenged its adequacy in a hearing before the Massachusetts

Bureau of Special Education Appeals (BSEA). See 20 U.S.C.

1415(b)(2) (requiring administrative "due process hearing" of

complaints about IEPs). The BSEA hearing officer decided

that Stow's proposed IEP was legally adequate.

Section 1415(e)(2) of the IDEA authorizes parties

aggrieved by agency decisions concerning the adequacy of an

IEP to bring a civil action in either state or federal court,

seeking "such relief as the court determines is appropriate."

-2-

The Amanns challenged the BSEA's procedures and findings in

the United States District Court for the District of

Massachusetts. The district court affirmed the validity of

the IEP, and we did the same on appeal. Amann v. Stow School

System, 982 F.2d at 649-53.

As was its duty under the IDEA, see 20 U.S.C.

1414(a)(5) (requiring annual review and, if appropriate,

revision of IEP), Stow prepared a new educational plan to

cover the period March 1991-March 1992. This IEP, like its

predecessor, called for Christopher to attend public schools

in Stow. The Amanns rejected this IEP, too, and again sought

review before the BSEA. In a decision dated September 9,

1991, the BSEA hearing officer ruled that Stow's 1991-1992

IEP was adequate. On May 21, 1992, the Amanns filed this

action in the district court. The district court dismissed

the complaint as untimely. This appeal followed. We affirm.

I

The IDEA, like many federal statutes, does not set a

time limit for lawsuits brought under its terms. "In such

situations we do not ordinarily assume that Congress intended

that there be no time limit on actions at all; rather, our

task is to 'borrow' the most suitable statute or other rule

of timeliness from some other source. We have generally

concluded that Congress intended that the courts apply the

most closely analogous statute of limitations under state

-3-

law," DelCostello v. International Brotherhood of Teamsters,

462 U.S. 151, 158 (1983), provided that "it is not

inconsistent with federal law or policy to do so." Wilson v.

Garcia, 471 U.S. 261, 266-67 (1985).

The district court, relying on Judge Keeton's decision

in Gertel v. School Committee of Brookline School District,

783 F.Supp. 701 (D.Mass. 1992), "borrowed" the thirty-day

limitations period that governs civil actions seeking

judicial review of state agency decisions under the

Massachusetts Administrative Procedure Act, M.G.L. c. 30A,

14. Because the Amanns did not sue until eight months after

the BSEA decision, the district court properly dismissed

their claim unless the court's choice of the thirty-day

limitation period was somehow incorrect, or its application

of the time bar under the circumstances of this case was

somehow inappropriate.

II

Except to suggest that the Gertel decision "set an

improper precedent," the appellants do not seriously contest

the district court's choice of a limitations period. The

appropriate limitations period for IDEA actions, however, is

a question of first impression in this circuit, and the issue

has not elsewhere generated a harmonious judicial response.

Several courts, like the district court here, have applied

the short (generally 30-day) limitations periods found in

-4-

state administrative procedure acts, ruling both that state

administrative procedure laws are analogous to Section

1415(e)(2), and that their relatively brief limitations

periods are consistent with the IDEA's goal of prompt

resolution of disputes over the educational placement of

learning-disabled children. Spiegler v. District of

Columbia, 866 F.2d 461 (D.C.Cir. 1989); Adler v. Education

Department of New York, 760 F.2d 454 (2d Cir. 1985);

Department of Education v. Carl D., 695 F.2d 1154 (9th Cir.

1983); Gertel, supra; Bow School District v. Quentin W., 750

F.Supp. 546 (D.N.H. 1990). Other courts, though they by and

large concede that state administrative procedure laws

provide the closest available analogue to Section 1415(e)(2),

but see Tokarcik v. Forest Hills School District, 665 F.2d

443 (3d Cir. 1981), reason that short limitations periods are

nevertheless too inconsistent with the IDEA's "goal of

parental involvement" to allow their application to actions

under the IDEA. See Schimmel v. Spillane, 819 F.2d 477 (4th

Cir. 1987); Scokin v. Texas, 723 F.2d 432 (5th Cir. 1984).

These courts have instead borrowed less analogous, but longer

-- and in the courts' view, more compatible -- state

limitations periods, such as those applicable to tort claims,

see Scokin, 723 F.2d at 438 (two years); Tokarcik, 665 F.2d

at 454 (two years), or to actions for services rendered but

-5-

not paid for. Janzen v. Knox County Board of Education, 790

F.2d 484, 489 (6th Cir. 1986) (three years).

We conclude that the district court correctly borrowed

Massachusetts' thirty-day limitations period for actions

under its Administrative Procedure Act. Since the arguments

on both sides have been well-rehearsed in the cases cited --

and since the appellants have offered only a perfunctory

challenge to the district court's choice -- we will attempt

to state our reasons briefly.

The Massachusetts Administrative Procedure Act (APA)

contains the "most analogous" state law cause of action to

the civil action authorized by Section 1415(e)(2). Like the

Massachusetts courts operating under M.G.L. c. 30A, 14,

courts reviewing agency decisions under the IDEA will rely

primarily on the administrative record, see Burlington v.

Department of Education, 736 F.2d 773, 790 (1st Cir. 1984)

("Burlington II"), and will scrutinize the agency action for

procedural regularity and substantive validity, but will not

"impos[e] their view of preferable . . . methods" on the

state agency. Board of Education v. Rowley, 458 U.S. 176,

206-207 (1982); cf. M.G.L. c. 30A 14(7)(g) (requiring court

to respect agency decision unless arbitrary or capricious, an

abuse of discretion, or otherwise not in accordance with

law). Thus, the "character of the hearing" under Section

1415(e)(2), like that of the hearing conducted under the

-6-

Massachusetts statute, is essentially "one of review."

Burlington II, 736 F.2d at 791.

The short limitations period of the Massachusetts APA is

fully consistent with one goal of the IDEA: the quick

disposition of disputes about a handicapped child's

educational placement. "[S]peedy resolutions to the IEP and

placement disputes that characterize 1415(e)(2) actions are

necessary for such resolutions to serve any substantively

useful purposes," Bow School District v. Quentin W., 750

F.Supp. at 550, because "[c]hildren develop quickly and their

needs often change substantially from year to year." Id.

See also Burlington II, 736 F.2d at 798 ("Delay in remedial

teaching is . . . likely to be highly injurious to [learning

disabled] children"). The legislative history, statutory

terms, and regulatory framework of the IDEA all emphasize

promptness as an indispensable element of the statutory

scheme. See generally Spiegler, 866 F.2d 461, 466-67

(D.C.Cir. 1989); Adler, 760 F.2d at 459-60; Bow School

District, 750 F.Supp. at 550-51.

It is true that the thirty-day limitations period may to

some extent frustrate a competing goal: parental involvement

in enforcing the IDEA's requirements. But the imposition of

any statute of limitations will to some extent favor

"policies of repose" over "substantive policies of

enforcement," Wilson v. Garcia, 471 U.S. at 271, and this

-7-

fact alone is not a sufficient reason for rejecting the

shorter limitations period of a closely analogous statute.

"Were it otherwise, a federal court should always prefer a

longer statute of limitations over an alternative, but

shorter, period, a type of approach [the Supreme Court has]

rejected before." Burnett v. Grattan, 468 U.S. 42, 58 (1984)

(Rehnquist, J., dissenting).

The potentially harsh effects of a short limitations

period, moreover, are mitigated in this context by three

factors which, taken together, so narrow any "inconsistency"

with the goal of parental involvement as to permit

application of the most analogous state law. Cf. Occidental

Life Insurance Co. v. EEOC, 432 U.S. 355 (1977) (finding

preclusive inconsistency where application of state statute

of limitations would have clashed fundamentally with Equal

Employment Opportunity Act's requirement that EEOC, an agency

plagued by backlogs, engage in time-consuming process of

investigation and settlement exploration before filing suit).

First, the IDEA instructs school authorities to give

parents notice "of all procedures available pursuant to this

section." 20 U.S.C. 1415(b)(1)(D). Several courts have

interpreted this provision to require notice of any

applicable limitations period, in order to ensure that

parents who go through the administrative proceedings without

the aid of a lawyer do not lose their right to judicial

-8-

review merely out of ignorance of the law. See Spiegler, 866

F.2d at 467; Scokin, 723 F.2d at 438; Gertel, 783 F.Supp. at

707; Bow School District, 750 F.Supp. at 551; cf. Carl D.,

695 F.2d at 1158 (declining to reach issue).

Second, the parents' only obligation during the thirty-

day period is to decide whether to sue under Section

1415(e)(2), a decision they need make only after the issues

have been defined, the dispute has been heard, and a record

has been created in the administrative forum. Thus, parents

contemplating action under the IDEA -- like parties

considering action under the Massachusetts APA -- do not bear

the same pre-litigation burdens of factual investigation and

legal research that face, say, a party who has just suffered

or discovered an injury and is thinking about filing a

lawsuit. Cf. Burnett v. Grattan, 468 U.S. at 50-51

(rejecting use, in federal civil rights actions, of state

limitations periods for filing administrative employment

discrimination claims, where "practical difficulties facing

an aggrieved person who invokes administrative remedies are

strikingly different" from preparation needed to initiate a

civil rights lawsuit).

Finally, the IDEA requires that IEPs be reviewed and

revised at least annually, 20 U.S.C. 1414(a)(5), and, as

the Amanns' own experience shows, allows parents to begin

litigating afresh over the merits of each new IEP. Parents

-9-

who, despite notice of the limitations period, "sleep on

their rights," therefore, will lose no more than the

educational placement for a single school year, and will not

have to wait long for a new opportunity to participate in the

development, implementation -- and if needed, administrative

and judicial review -- of their child's educational plan.

See Spiegler, 866 F.2d at 468.

III

The Amanns contend that, even if thirty days is the

right limitations period for IDEA actions in Massachusetts,

the time bar should not have operated to deny them a lawsuit

here. They give three reasons for this conclusion.

First, the Amanns argue that they received inadequate

notice of the thirty-day limit. As we have already

described, the IDEA directs the states to "fully inform the

parents . . . of all procedures available," 20 U.S.C.

1415(b)(1)(D), and some courts have held "that this

requirement imposes a duty . . . to give, at the time a final

administrative decision is rendered, clear notice of the

availability of judicial review and of the 30-day limitations

period." Spiegler, 866 F.2d at 467. In Spiegler, the agency

gave no notice of any time limit, and the court of appeals

therefore refused to invoke the limitations bar in the case

under consideration. Id. at 469.

-10-

The Amanns concede that the BSEA gave them notice of the

thirty-day limitations period at the time it rendered a

decision. Attached to the September 9, 1991 decision was a

document entitled "Effect of Decision and Rights of Appeal,"

which stated:

Any party aggrieved by the Bureau decision may file a
complaint in the Superior Court of competent
jurisdiction or in the District Court of the United
States for Massachusetts for review of the Bureau
decision. 20 U.S.C. s. 1415(e)(2). Under Massachusetts
General Laws Chapter 30A, Section 14(1), appeal of a
final Bureau decision must be filed within 30 days of
receipt of the decision.

We agree with the district court in Gertel that the

notice given here, though "not a model of careful drafting .

. . was sufficient." Gertel, 783 F.Supp. at 708 (assessing

identical notice). We do not see how the appellants' pro se

status affected the adequacy of the notice. If the Amanns

were, because of their pro se status, ignorant of the law,

then the only message they could reasonably have derived from

the document attached to the decision was: You have thirty

days in which to challenge this ruling in court. And if the

Amanns were, despite their lack of counsel, knowledgeable

enough about the workings of limitations rules to be "aware

that 1415(e)(2) provides no statute of limitation and that

therefore one must be borrowed from state law, [then] the

notice is clear that the position of the Commonwealth of

Massachusetts is that the appropriate limitations period is

30 days." 783 F.Supp. at 708. Either way, the notice should

-11-

have caused the appellants to understand that they took a

risk if they did not exercise their right to sue within

thirty days of receiving the BSEA decision.

The Amanns' second argument is that the defendants are

estopped from raising a limitations defense to this action,

which challenges the 1991-92 IEP, by virtue of their failure

to assert the limitations bar as a defense to the Amanns'

previous IDEA action, which challenged the adequacy of the

1990-91 IEP. The simple response is that the defendants to

the previous action could not have made a limitations

defense. M.G.L. c. 30A, 14(1) starts the limitations clock

running upon "receipt of notice of the final decision of the

agency or if a petition for rehearing has been timely filed

with the agency, within thirty days after receipt of notice

of agency denial of such petition for rehearing." The Amanns

filed a motion for a rehearing of the BSEA's 1990 decision.

Amann v. Stow School System, 982 F.2d at 648. The BSEA

denied the motion on October 15, 1990. The Amanns filed

their first IDEA complaint on November 13, 1990, twenty-nine

days after the BSEA denied their motion for a rehearing, and

therefore within the thirty-day limitations period. We

cannot fault the defendants for failing to make a defense

they did not have.

Finally, the Amanns say that the new limitations period

should not be "retroactively applied" to their case. But the

-12-

practice of making judicial decisions "fully retroactive,

applying both to the parties before the court and to all

others by and against whom claims may be pressed . . . is

overwhelmingly the norm, and is in keeping with the

traditional function of the courts to decide cases before

them based upon their best current understanding of the law."

James B. Beam Distilling Co. v. Georgia, 111 S.Ct. 2439, 2443

(1991).

The Supreme Court has, on occasion, made an exception to

the rule of retroactivity. Under Chevron Oil Co. v. Huson,

404 U.S. 97, 106-107 (1971), the Court "has accepted

prospectivity . . . where a decision displaces a principle of

law on which reliance may reasonably have been placed, and

where prospectivity is on balance warranted by its effect on

the operation of the new rule and by the inequities that

might otherwise result from retroactive application." James

B. Beam Distilling Co. v. Georgia, 111 S.Ct. at 2445.

This is not such a case. The Supreme Court has declined

to apply new limitations rules retroactively where to do so

would be "to bar an action that was timely under binding

Circuit precedent." Lampf, Pleva, Lipkind, Prupis & Petigrow

v. Gilbertson, 111 S.Ct. 2773, 2786 (1991) (O'Connor, J.,

dissenting). For example, in Saint Francis College v. Al-

Khazraji, 481 U.S. 604, 608-609 (1987), the Court affirmed

the prospective application of a new limitations period that

-13-

"overruled clearly established Circuit precedent" on which

the plaintiff had relied in filing suit. See also Chevron

Oil Co. v. Huson, 404 U.S. at 107 (prospectively applying

limitations rule that "effectively overruled a long line of

decisions by the Court of Appeals").

But the Court has applied new limitations rules

retroactively where to do so would not "overturn[] the

reasonable expectations of a party." Rowlett v. Anheuser-

Busch, Inc., 832 F.2d 194, 198 (1st Cir. 1987). Thus, in

Goodman v. Lukens Steel Co., 482 U.S. 656, 662-63 (1987), the

Court affirmed the retroactive application of a new

limitations period where there had previously been "no

authoritative specification of which statute of limitations

applied" to plaintiffs' claim, "and hence no clear precedent

on which [plaintiffs] could have relied when they filed their

complaint."

Here, as in Goodman, there was "no clear precedent"

favoring a longer limitations period on which the appellants

can claim to have relied while deciding whether to file suit

under the IDEA between September 1991 and May 1992. This

court had not then decided the limitations issue, the

circuits that had done so were split, and the only existing

decisional law among the district courts in this circuit

pointed to a thirty-day limitations period.

-14-

As to the remaining Chevron factors, the appellants have

not identified, and we do not see, how retroactive

application would hinder the operation of the thirty-day

limitations rule or the administration of the IDEA. This is

not a case like Linkletter v. Walker, 381 U.S. 618, 636-38

(1965), in which the Court decided to apply the then-new

exclusionary rule only prospectively since the purpose of

rule, to deter illegal police action, would not have been

furthered by retroactive application to cases in which

illegal conduct had already occurred, and since retroactive

operation would have "tax[ed] the administration of justice

to the utmost." Nor will retroactive application of the new

limitations rule "result in inequity to the [appellants] who

are charged with knowledge that [the limitations period for

IDEA actions] was an unsettled question," Goodman, 482 U.S.

at 663, and who received a notice telling them that they only

had thirty days in which to sue.

Because we affirm the dismissal on the merits, we again

need not decide whether Mr. Amann, a non-lawyer acting "pro

se," was capable of representing his son on appeal. See

Amann v. Stow School District, 982 F.2d at 648 n.2. See also

Norton v. Mathews, 427 U.S. 524, 532 (1976); Narragansett

Indian Tribe v. Guilbert, 934 F.2d 4, 8 n.5 (1st Cir. 1991).

Affirmed.

-15-