PER CURIAM.
 

 Appellant Christopher Amann is a child with learning disabilities who lives in Stow, Massachusetts. Appellant Richard Amann is Christopher’s father. Christopher began to attend public school in Stow in 1983. Because he suffered from learning disabilities, the Town was obligated under the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., to produce an “individualized education program” (IEP) for him, and to review and update the IEP annually.
 
 See generally Amann v. Stow School System,
 
 982 F.2d 644, 646-47 (1st Cir.1992) (per curiam) (describing Town’s obligations under IDEA). The Town did so until 1987, when Christopher’s parents withdrew him from the Stow school system and placed him in a private school.
 

 In 1990, at the request of Christopher’s parents, Stow came up with a new IEP that called for Christopher to return to the Stow public schools. The Amanns rejected this IEP and challenged its adequacy in a hearing before the Massachusetts Bureau of Special Education Appeals (BSEA).
 
 See
 
 20 U.S.C. § 1415(b)(2) (requiring administrative “due process hearing” of complaints about IEPs). The BSEA hearing officer decided that Stow’s proposed IEP was legally adequate.
 

 Section 1415(e)(2) of the IDEA authorizes parties aggrieved by agency decisions concerning the adequacy of an IEP to bring a civil action in either state or federal court, seeking "such relief as the court determines is appropriate.” The Amanns challenged the BSEA’s procedures and findings in the United States District Court for the District of Massachusetts. The district court affirmed the validity of the IEP, and we did the same on appeal.
 
 Amann v. Stow School System,
 
 982 F.2d at 649-53.
 

 As was its duty under the IDEA,
 
 see
 
 20 U.S.C. § 1414(a)(5) (requiring annual review and, if appropriate, revision of IEP), Stow prepared a new educational plan to cover the period March 1991-March 1992.
 
 *931
 
 This IEP, like its predecessor, called for Christopher to attend public schools in Stow. The Amanns rejected this IEP, too, and again sought review before the BSEA. In a decision dated September 9, 1991, the BSEA hearing officer ruled that Stow’s 1991-1992 IEP was adequate. On May 21, 1992, the Amanns filed this action in the district court. The district court dismissed the complaint as untimely. This appeal followed. We affirm.
 

 I
 

 The IDEA, like many federal statutes, does not set a time limit for lawsuits brought under its terms. “In such situations we do not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, our task is to ‘borrow’ the most suitable statute or other rule of timeliness from some other source. We have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law,”
 
 DelCostello v. International Brotherhood of Teamsters,
 
 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983), provided that “it is not inconsistent with federal law or policy to do so.”
 
 Wilson v. Garcia,
 
 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985).
 

 The district court, relying on Judge Kee-ton’s decision in
 
 Gertel v. School Committee of Brookline School District,
 
 783 F.Supp. 701 (D.Mass.1992), “borrowed” the thirty-day limitations period that governs civil actions seeking judicial review of state agency decisions under the Massachusetts Administrative Procedure Act, M.G.L. c. 30A, § 14. Because the Amanns did not sue until eight months after the BSEA decision, the district court properly dismissed their claim unless the court’s choice of the thirty-day limitation period was somehow incorrect, or its application of the time bar under the circumstances of this case was somehow inappropriate.
 

 II
 

 Except to suggest that the
 
 Gertel
 
 decision “set an improper precedent,” the appellants do not seriously contest the district court’s choice of a limitations period. The appropriate limitations period for IDEA actions, however, is a question of first impression in this circuit, and the issue has not elsewhere generated a harmonious judicial response. Several courts, like the district court here, have applied the short (generally 30-day) limitations periods found in state administrative procedure acts, ruling both that state administrative procedure laws are analogous to Section 1415(e)(2), and that their relatively brief limitations periods are consistent with the IDEA’S goal of prompt resolution of disputes over the educational placement of learning-disabled children.
 
 Spiegler v. District of Columbia,
 
 866 F.2d 461 (D.C.Cir.1989);
 
 Adler v. Education Department of New York,
 
 760 F.2d 454 (2d Cir.1985);
 
 Department of Education v. Carl D.,
 
 695 F.2d 1154 (9th Cir.1983);
 
 Gertel, supra; Bow School District v. Quentin W.,
 
 750 F.Supp. 546 (D.N.H.1990). Other courts, though they by and large concede that state administrative procedure laws provide the closest available analogue to Section 1415(e)(2),
 
 but see Tokarcik v. Forest Hills School District,
 
 665 F.2d 443 (3d Cir.1981), reason that short limitations periods are nevertheless too inconsistent with the IDEA’S “goal of parental involvement” to allow their application to actions under the IDEA.
 
 See Schimmel v. Spillane,
 
 819 F.2d 477 (4th Cir.1987);
 
 Scokin v. Texas,
 
 723 F.2d 432 (5th Cir.1984). These courts have instead borrowed less analogous, but longer — and in the courts’ view, more compatible — state limitations periods, such as those applicable to tort claims,
 
 see Scokin,
 
 723 F.2d at 438 (two years);
 
 Tokarcik,
 
 665 F.2d at 454 (two years), or to actions for services rendered but not paid for.
 
 Janzen v. Knox County Board of Education,
 
 790 F.2d 484, 489 (6th Cir.1986) (three years).
 

 We conclude that the district court correctly borrowed Massachusetts’ thirty-day limitations period for actions under its Administrative Procedure Act. Since the arguments on both sides have been well-rehearsed in the cases cited — and since the appellants have offered only a perfunctory
 
 *932
 
 challenge to the district court’s choice — we will attempt to state our reasons briefly.
 

 The Massachusetts Administrative Procedure Act (APA) contains the “most analogous” state law cause of action to the civil action authorized by Section 1415(e)(2). Like the Massachusetts courts operating under M.G.L. c. 30A, § 14, courts reviewing agency decisions under the IDEA will rely primarily on the administrative record,
 
 see Burlington v. Department of Education,
 
 736 F.2d 773, 790 (1st Cir.1984)
 
 (“Burlington II”),
 
 and will scrutinize the agency action for procedural regularity and substantive validity, but will not “impos[e] their view of preferable ... methods” on the state agency.
 
 Board of Education v. Rowley,
 
 458 U.S. 176, 207, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982);
 
 cf.
 
 M.G.L. c. 30A § 14(7)(g) (requiring court to respect agency decision unless arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law). Thus, the “character of the hearing” under Section 1415(e)(2), like that of the hearing conducted under the Massachusetts statute, is essentially “one of review.”
 
 Burlington II,
 
 736 F.2d at 791.
 

 The short limitations period of the Massachusetts APA is fully consistent with one goal of the IDEA: the quick disposition of disputes about a handicapped child’s educational placement. “[S]peedy resolutions to the IEP and placement disputes that characterize § 1415(e)(2) actions are necessary for such resolutions to serve any substantively useful purposes,”
 
 Bow School District v. Quentin W,
 
 750 F.Supp. at 550, because “[cjhildren develop quickly and their needs often change substantially from year to year.”
 
 Id. See also Burlington II,
 
 736 F.2d at 798 (“Delay in remedial teaching is ... likely to be’highly injurious to [learning disabled] children”). The legislative history, statutory terms, and regulatory framework of the IDEA all emphasize promptness as an indispensable element of the statutory scheme.
 
 See generally Spiegler,
 
 866 F.2d 461, 466-67;
 
 Adler,
 
 760 F.2d at 459-60;
 
 Bow School District,
 
 750 F.Supp. at 550-51.
 

 It is true that the thirty-day limitations period may to some extent frustrate a competing goal: parental involvement in enforcing the IDEA’S requirements. But the imposition of
 
 any
 
 statute of limitations will to some extent favor “policies of repose” over “substantive policies of enforcement,”
 
 Wilson v. Garcia,
 
 471 U.S. at 271, 105 S.Ct. at 1944, and this fact alone is not a sufficient reason for rejecting the shorter limitations period of a closely analogous statute. “Were it otherwise, a federal court should always prefer a longer statute of limitations over an alternative, but shorter, period, a type of approach [the Supreme Court has] rejected before.”
 
 Burnett v. Grattan,
 
 468 U.S. 42, 58, 104 S.Ct. 2924, 2934, 82 L.Ed.2d 36 (1984) (Rehnquist, J., dissenting).
 

 The potentially harsh effects of a short limitations period, moreover, are mitigated in this context by three factors which, taken together, so narrow any “inconsistency” with the goal of parental involvement as to permit application of the most analogous state law.
 
 Cf. Occidental Life Insurance Co. v. EEOC,
 
 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (finding preclusive inconsistency where application of state statute of limitations would have clashed fundamentally with Equal Employment Opportunity Act’s requirement that EEOC, an agency plagued by backlogs, engage in time-consuming process of investigation and settlement exploration before filing suit).
 

 First, the IDEA instructs school authorities to give parents notice “of all procedures available pursuant to this section.” 20 U.S.C. § 1415(b)(1)(D). Several courts have interpreted this provision to require notice of any applicable limitations period, in order to ensure that parents who go through the administrative proceedings without the aid of a lawyer do not lose their right to judicial review merely out of ignorance of the law.
 
 See Spiegler,
 
 866 F.2d at 467;
 
 Scokin,
 
 723 F.2d at 438;
 
 Gertel,
 
 783 F.Supp. at 707;
 
 Bow School District,
 
 750 F.Supp. at 551;
 
 cf. Carl D.,
 
 695 F.2d at 1158 (declining to reach issue).
 

 
 *933
 
 Second, the parents’ only obligation during the thirty-day period is to decide whether to sue under Section 1415(e)(2), a decision they need make only
 
 after
 
 the issues have been defined, the dispute has been heard, and a record has been created in the administrative forum. Thus, parents contemplating action under the IDEA — like parties considering action under the Massachusetts APA — do not bear the same preli-tigation burdens of factual investigation and legal research that face, say, a party who has just suffered or discovered an injury and is thinking about filing a lawsuit. Cf
 
 . Burnett v. Grattan,
 
 468 U.S. at 50-51, 104 S.Ct. at 2929-30 (rejecting use, in federal civil rights actions, of state limitations periods for filing administrative employment discrimination claims, where “practical difficulties facing an aggrieved person who invokes administrative remedies are strikingly different” from preparation needed to initiate a civil rights lawsuit).
 

 Finally, the IDEA requires that IEPs be reviewed and revised at least annually, 20 U.S.C. § 1414(a)(5), and, as the Amanns’ own experience shows, allows parents to begin litigating afresh over the merits of each new IEP. Parents who, despite notice of the limitations period, “sleep on their rights,” therefore, will lose no more than the educational placement for a single school year, and will not have to wait long for a new opportunity to participate in the development, implementation — and if needed, administrative and judicial review — of their child’s educational plan.
 
 See Spiegler,
 
 866 F.2d at 468.
 

 Ill
 

 The Amanns contend that, even if thirty days is the right limitations period for IDEA actions in Massachusetts, the time bar should not have operated to deny them a lawsuit here. They give three reasons for this conclusion.
 

 First, the Amanns argue that they received inadequate notice of the thirty-day limit. As we have already described, the IDEA directs the states to “fully inform the parents ... of all procedures available,” 20 U.S.C. § 1415(b)(1)(D), and some courts have held “that this requirement imposes a duty ... to give, at the time a final administrative decision is rendered, clear notice of the availability of judicial review and of the 30-day limitations period.”
 
 Spiegler,
 
 866 F.2d at 467. In
 
 Spiegler,
 
 the agency gave no notice of any time limit, and the court of appeals therefore refused to invoke the limitations bar in the case under consideration.
 
 Id.
 
 at 469.
 

 The Amanns concede that the BSEA gave them notice of the thirty-day limitations period at the time it rendered a decision. Attached to the September 9, 1991 decision was a document entitled “Effect of Decision and Rights of Appeal,” which stated:
 

 Any party aggrieved by the Bureau decision may file a complaint in the Superior Court of competent jurisdiction or in the District Court of the United States for Massachusetts for review of the Bureau decision. 20 U.S.C. s. 1415(e)(2). Under Massachusetts General Laws Chapter 30A, Section 14(1), appeal of a final Bureau decision must be filed within 30 days of receipt of the decision.
 

 We agree with the district court in
 
 Ger-tel
 
 that the notice given here, though “not a model of careful drafting ... was sufficient.”
 
 Gertel,
 
 783 F.Supp. at 708 (assessing identical notice). We do not see how the appellants’
 
 pro se
 
 status affected the adequacy of the notice. If the Amanns were, because of their
 
 pro se
 
 status, ignorant of the law, then the only message they could reasonably have derived from the document attached to the decision was: You have thirty days in which to challenge this ruling in court. And if the Amanns were, despite their lack of counsel, knowledgeable enough about the workings of limitations rules to be “aware that § 1415(e)(2) provides no statute of limitation and that therefore one must be borrowed from state law, [then] the notice is clear that the position of the Commonwealth of Massachusetts is that the appropriate limitations period is 30 days.” 783 F.Supp. at 708. Either way, the notice should have caused the appellants to under
 
 *934
 
 stand that they took a risk if they did not exercise their right to sue within thirty days of receiving the BSEA decision.
 

 The Amanns’ second argument is that the defendants are estopped from raising a limitations defense to this action, which challenges the 1991-92 IEP, by virtue of their failure to assert the limitations bar as a defense to the Amanns’ previous IDEA action, which challenged the adequacy of the 1990-91 IEP.
 

 The simple response is that the defendants to the previous action could not have made a limitations defense. M.G.L. c. 30A, § 14(1) starts the limitations clock running upon “receipt of notice of the final decision of the agency or if a petition for rehearing has been timely filed with the agency, within thirty days after receipt of notice of agency denial of such petition for rehearing.” The Amanns filed a motion for a rehearing of the BSEA’s 1990 decision.
 
 Amann v. Stow School System,
 
 982 F.2d at 648. The BSEA denied the motion on October 15, 1990. The Amanns filed their first IDEA complaint on November 13, 1990, twenty-nine days after the BSEA denied their motion for a rehearing, and therefore within the thirty-day limitations period. We cannot fault the defendants for failing to make a defense they did not have.
 

 Finally, the Amanns say that the new limitations period should not be “retroactively applied” to their case. But the practice of making judicial decisions “fully retroactive, applying both to the parties before the court and to all others by and against whom claims may be pressed ... is overwhelmingly the norm, and is in keeping with the traditional function of the courts to decide cases before them based upon their best current understanding of the law.”
 
 James B. Beam Distilling Co. v. Georgia,-U.S. -, -, 111 S.Ct.
 
 2439, 2443, 115 L.Ed.2d 481 (1991).
 

 The Supreme Court has, on occasion, made an exception to the rule of retroactivity. Under
 
 Chevron Oil Co. v. Huson,
 
 404 U.S. 97, 106-07, 92 S.Ct. 349, 355-56, 30 L.Ed.2d 296 (1971), the Court “has accepted prospectivity ... where a decision displaces a principle of law on which reliance may reasonably have been placed, and where prospectivity is on balance warranted by its effect on the operation of the new rule and by the inequities that might otherwise result from retroactive application.”
 
 James B. Beam Distilling Co. v. Georgia, -
 
 U.S. at-, 111 S.Ct. at 2445.
 

 This is not such a case. The Supreme Court has declined to apply new limitations rules retroactively where to do so would be “to bar an action that was timely under binding Circuit precedent.”
 
 Lampf Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,
 
 - U.S. -, -, 111 S.Ct. 2773, 2786, 115 L.Ed.2d 321 (1991) (O’Connor, J., dissenting). For example, in
 
 Saint Francis College v. Al-Khazraji,
 
 481 U.S. 604, 608-09, 107 S.Ct. 2022, 2025-26, 95 L.Ed.2d 582 (1987), the Court affirmed the prospective application of a new limitations period that “overruled clearly established Circuit precedent” on which the plaintiff had relied in filing suit.
 
 See also Chevron Oil Co. v. Huson,
 
 404 U.S. at 107, 92 S.Ct. at 356 (prospectively applying limitations rule that “effectively overruled a long line of decisions by the Court of Appeals”).
 

 But the Court
 
 has
 
 applied new limitations rules retroactively where to do so would not “overturn[] the reasonable expectations of a party.”
 
 Rowlett v. Anheuser-Busch, Inc.,
 
 832 F.2d 194, 198 (1st Cir.1987). Thus, in
 
 Goodman v. Lukens Steel Co.,
 
 482 U.S. 656, 662-63, 107 S.Ct. 2617, 2622, 96 L.Ed.2d 572 (1987), the Court affirmed the retroactive application of a new limitations period where there had previously been “no authoritative specification of which statute of limitations applied” to plaintiffs’ claim, “and hence no clear precedent on which [plaintiffs] could have relied when they filed their complaint.”
 

 Here, as in
 
 Goodman,
 
 there was “no clear precedent” favoring a longer limitations period on which the appellants can claim to have relied while deciding whether to file suit under the IDEA between September 1991 and May 1992. This court had not then decided the limitations issue, the circuits that had done so were split, and the only existing decisional law among the dis
 
 *935
 
 trict courts in this circuit pointed to a thirty-day limitations period.
 

 As to the remaining
 
 Chevron
 
 factors, the appellants have not identified, and we do not see', how retroactive application would hinder the operation of the thirty-day limitations rule or the administration of the IDEA. This is not a case like
 
 Linkletter v. Walker,
 
 381 U.S. 618, 636-38, 85 S.Ct. 1731, 1741-42, 14 L.Ed.2d 601 (1965), in which the Court decided to apply the then-new exclusionary rule only prospectively since the purpose of rule, to deter illegal police action, would not have been furthered by retroactive application to cases in which illegal conduct had already occurred, and since retroactive operation would have “tax[ed] the administration of justice to the utmost.” Nor will retroactive application of the new limitations rule “result in inequity to the [appellants] who are charged with knowledge that [the limitations period for IDEA actions] was an unsettled question,”
 
 Goodman,
 
 482 U.S. at 663, 107 S.Ct. at 2622, and who received a notice telling them that they only had thirty days in which to sue.
 

 Because we affirm the dismissal on the merits, we again need not decide whether Mr. Amann, a non-lawyer acting
 
 “pro se,”
 
 was capable of representing his son on appeal.
 
 See Amann v. Stow School System,
 
 982 F.2d at 648 n. 2.
 
 See also Norton v. Mathews,
 
 427 U.S. 524, 532, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672 (1976);
 
 Narragansett Indian Tribe v. Guilbert,
 
 934 F.2d 4, 8 n. 5 (1st Cir.1991).
 

 Affirmed.