NH Dept. of Ed. v. Adams          CV-94-573-M   02/16/96

UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


New Hampshire Department of Education; and
New Hampshire Department of Corrections,
     Plaintiffs,

     v.                                    Civil No. 94-573-M

City of Manchester, NH School District;
and Marc Adams,
     Defendants.


                          O R D E R


     Plaintiffs, the New Hampshire Department of Education and
the New Hampshire Department of Corrections (collectively, the
"State"), appeal an educational hearings officer's final order
issued pursuant to the Individuals with Disabilities Education
Act ("IDEA"), 20 U.S.C. § 1400, et seq.  Defendant, the City of
Manchester School District (the "School District"), moves to
dismiss the case, asserting that the State failed to file its
appeal in a timely fashion.  For the reasons set forth below, the
School District's motion to dismiss is denied.


                       **Discussion**

     The IDEA does not establish a specific period within which
appeals from IDEA due process hearings must be filed.  And, prior
to June 30, 1992, different periods of limitation had been
applied to IDEA appeals in this district.  Compare Edward B. v.

Brunelle, 662 F.Supp. 1025 (D.N.H. 1986) (permitting a delay of 64 days between the issuance of the hearings officer's report and the initiation of an appeal, because the delay was not "unreasonable"); Mark E. v. Northland School District, No. 84-156-L (D.N.H. November 25, 1986) (rejecting application of the 30-day limitations period prescribed for state administrative appeals in RSA 541:6); with Bow School District v. Quentin W., 750 F.Supp. 546 (D.N.H. 1990) (borrowing the 30-day limitation period of RSA 541:6); G.D. v. Westmoreland School District, 783 F.Supp. 1532 (D.N.H. 1992) (same); I.D. v. Westmoreland School District, 788 F.Supp. 634 (D.N.H. 1992) (same).

The New Hampshire Legislature undoubtedly enacted N.H. Rev. Stat. Ann. 186-C:16-b, effective June 30, 1992, to bring some needed predictability and stability to this area. That statute provides, in pertinent part:

> IV. An appeal from a final administrative decision in a special education due process hearing to a court of competent jurisdiction pursuant to 20 U.S.C. 1415(e) shall be commenced within 120 days from receipt of the final decision. All such decisions shall be sent certified mail, return receipt requested.

N.H. Rev. Stat. Ann. 186-C:16-b, IV ("Section 16-b"). This seems to be the first case in which a court has been called upon to determine whether the recently enacted 120-day limitations period

2

prescribed by Section 16-b applies to IDEA appeals brought in federal court.

In 1993, the Court of Appeals for this circuit affirmed a district court's holding that a 30-day statute of limitations found in the Massachusetts Administrative Procedure Act was the controlling period of limitations in IDEA cases brought in the federal court for the District of Massachusetts. Amann v. Stow, 991 F.2d 929 (1st Cir. 1993). In Amann, the court borrowed the 30-day Administrative Procedure Act limitations period because it: (1) provided the most "suitable" and "closely analogous" rule of timeliness; and (2) the 30-day period was not inconsistent with federal law or policy. Amann, 991 F.2d at 931. The School District argues here that Amann mandates application of New Hampshire's 30-day limitation on administrative appeals (N.H. Rev. Stat. Ann. 541:6), rather than the 120-day period prescribed by Section 16-b.

Plainly, Section 16-b has supplanted N.H. Rev. Stat. Ann. § 541:6 as the "most analogous" state statute of limitations; it could not be more analogous since it expressly establishes a limitations period for IDEA appeals. See Murphy v. Timberlane Regional School Dist., 22 F.3d 1186, 1191 n. 7 (1st Cir. 1994). The only relevant inquiry, then, is whether that limitations

3

period is consistent with the federal policies underlying, and the goals of, the IDEA. See Amann, 991 F.2d at 931 ("[O]ur task is to borrow the most suitable statute or other rule of timeliness from some other source. We have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law, provided that it is not inconsistent with federal law or policy to do so.") (citations omitted).

The School District argues that the 120-day limitations period is inconsistent with at least one of IDEA's goals: the speedy resolution of disputes related to children's Individual Education Plans ("IEPs"). It claims that a 120-day period frustrates that goal, particularly given the typical 180-day school year. Thus, the School District argues, an inordinate delay in the implementation of valid IEPs will likely result if the time for appeal is extended well into the school year. Memorandum in Support of Motion to Dismiss, at 5. While it is true that a typical school year consists of roughly 180 school days, intervening weekends, holidays, and school vacations stretch the school year to more than nine months. Against that backdrop, New Hampshire's four month limitations period seems not

4

unreasonably long, nor is it hopelessly inconsistent with IDEA's goals.[1]

Of course, application of any period of limitations will impose some hardships. Section 16-b, however, represents a reasonable compromise that is consistent with IDEA's goals of achieving timely resolution of disputes, while at the same time affording the parties, especially parents, a reasonable opportunity to review the results of due process proceedings and attempt to amicably resolve any remaining issues before proceeding with further litigation. Accordingly, the court holds that the limitations period prescribed by Section 16-b is, on the whole, consistent with the IDEA's multiple goals of providing ample opportunities for parental involvement and avoiding premature termination of legitimate claims by default (suggesting that the limitations period should be fairly lengthy), on the one hand, and the need to expeditiously resolve disputes concerning a handicapped child's education (counseling a shorter limitations period), on the other hand. See Amann, 991 F.2d at 931-32.

---

[1] As a practical matter, it is unreasonable to expect that substantial disputes relating to a student's IEP will normally be resolved before the end of the academic year. "Judicial review invariably takes more than nine months to complete, not to mention the time consumed during the preceding state administrative hearings." Hendrick Hudson Dist. Bd. of Ed. v. Rowley, 458 U.S. 176, 186-87 n.9 (1982).

5

## Conclusion

As the 120-day limitations period prescribed by Section 16-b is the most analogous and appropriate state statute of limitations, the court will borrow and apply it in this case. Section 16-b is not inconsistent with federal law or the policies underlying the IDEA. The State's appeal was filed within 120 days of the hearings officer's final report and is, therefore, timely. Accordingly, the School District's motion to dismiss (document no. 9) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

February 16, 1996

cc:  Nancy J. Smith, Esq.
     Peter S. Smith, Esq.
     Dean B. Eggert, Esq.