PROVIDENCE SCHOOL
DEPARTMENT, Plaintiff–Appellant,

v.

ANA C., a minor, Defendant–Appellee.

No. 96–2006.

United States Court of Appeals,
First Circuit.

Heard Feb. 6, 1997.

Decided March 3, 1997.

David A. Wollin, with whom Patricia K. Rocha, R. Bart Totten and Adler Pollock & Sheehan Incorporated, were on brief, Providence, RI, for appellant.

Martha McVicker, with whom the Rhode Island Protection and Advocacy System, was on brief, Providence, RI, for appellee.

Before BOUDIN, Circuit Judge, CYR, Senior Circuit Judge, and LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

An impartial review officer, acting under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, found that the Providence School Department owed benefits to a special needs student, Ana C., for parts of the years 1990 through 1992. The School Department sought review in the United States District Court within thirty days of receiving that decision, consistent with the time periods contained in the state Administrative Procedures Act ("APA"). The district court dismissed the claim as untimely, finding that federal law borrowed a different state limitations period, one which uses issuance of a decision, not receipt of a decision, to trigger the thirty day period.[1] We reverse the dismissal.

I.

The essential facts are not in dispute. Ana C., a mentally retarded minor, is entitled to receive special educational services under the IDEA. Ana lived in Providence, Rhode Island from August 1989 to November 1992, and she was entitled to 230 days of special education services per year under the Rhode Island Board of Regents' Regulations Governing the Special Education of Children with Disabilities (the "Regulations").

1. Because the enactment of the IDEA preceded the enactment of 28 U.S.C. § 1658, the IDEA is unaffected by that establishment of a four year statute of limitations for all federal causes of action lacking a specific limitations period. *Id.*

The School Department did not provide Ana the summer educational services she sought for the summers of 1990, 1991, and a portion of 1992. The School Department conceded in October of 1992 that Ana was entitled to receive a total of 150 days of special education that the Department had previously failed to provide. But when the School Department learned that Ana and her father had moved to West Chester, Pennsylvania in November 1992, it reversed its position, saying that Ana could not receive the 150 days as long as she resided outside of Rhode Island.

Ana sought a hearing. On August 30, 1995, an impartial hearing officer for the Rhode Island Department of Education ("RIDE") decided that, because Ana lived out of state, she could not receive the 150 days. The officer was not an employee of the school district or a member of the school committee, in accordance with 20 U.S.C. § 1415(b)(2) and section 7 of the Regulations.

Ana, then age fourteen, appealed the hearing officer's decision pursuant to 20 U.S.C. § 1415(c) and section 9 of the Regulations. An impartial review officer reversed. As required by section 10 of the Regulations, that officer was not an employee of the Rhode Island Department of Education or a member of the Rhode Island Board of Regents. His decision, dated January 23, 1996, awarded Ana compensation for 150 days of special education from the Department, despite her Pennsylvania residency.

The review officer's decision was forwarded to the Office of Special Needs of the RIDE and was received on January 26, 1996. The RIDE then forwarded the decision to counsel for Ana and to the School Department. Though the precise date of the forwarding is unclear, the School Department did not receive the decision until February 7, 1996.

The Providence School Department, pursuant to 20 U.S.C. § 1415(e)(2), filed its complaint challenging the final agency decision in the United States District Court for the District of Rhode Island on March 4, 1996. Ana then moved to dismiss the complaint on the ground that it was filed forty-one days after the state review officer issued his decision. This, Ana argued, exceeded the thirty days from issuance allowed by law and was thus untimely.

Accepting the report and recommendation of a United States Magistrate Judge, the district court granted Ana's motion and dismissed the School Department's complaint. Although section 1415(e)(2) does not specify a limitations period, the Supreme Court has directed federal courts to "apply the most closely analogous statute of limitations under state law," DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983), so long as "it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 266–67, 105 S.Ct. 1938,, 1942 85 L.Ed.2d 254 (1985). The magistrate judge had found that the most closely analogous statute was R.I. Gen. Laws § 16–39–3.1 and therefore that the thirty day limitations period had begun to run when the decision was issued on January 23, 1996.[2]

The School Department appeals, arguing that the most analogous state limitations statute is the Rhode Island APA, R.I. Gen. Laws § 42–35–15, under which the thirty day limitations period begins to run from the date of receipt rather than the date of issuance. See Bayview Towing, Inc. v. Stevenson, 676 A.2d 325, 328 (R.I.1996) (thirty day limitations period under section 42–35–15 triggered by receipt of the final agency decision). Under that standard, the Department argues, its appeal was timely filed and improperly dismissed.

## II.

This case presents a pure issue of law. Our review of a grant of a motion to dismiss is de novo. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir.1996).

In enacting the IDEA, Congress contemplated that there would be judicial review of the decisions of the review officer, but did

---

2. The Department did not argue that the "issuance" of the decision was the date it was sent to the parties, rather than the date the review officer submitted it to the state agency to send to the parties. Accordingly, we do not consider that point.

not set a statutory time limit during which the petition for judicial review must be brought. Courts have looked to the most analogous statutes of limitations from the laws of the pertinent state, provided that those laws do not conflict with the federal policies inherent in the statute. *See Wilson*, 471 U.S. at 266–67, 105 S.Ct. at 1941–42. In *Amann v. Town of Stow*, 991 F.2d 929, 931 (1st Cir.1993)(per curiam), this court, in a case involving a special needs child from Massachusetts, held that the Massachusetts APA contains the "most analogous" state law cause of action to the civil action authorized by section 1415(e)(2). In so doing, this court found that "courts reviewing agency decisions under the IDEA will rely primarily on the administrative record, and will scrutinize agency action for procedural regularity and substantive validity, but will not impos[e] their view of preferable ... methods on the state agency. Thus, the character of the hearing ... under the Massachusetts statute is essentially one of review." *Id.* at 932 (internal quotation marks and citations omitted). The *Amann* court also considered whether the short limitations period (thirty days from receipt) was inconsistent with the goals of the IDEA, and concluded that it was not. *Id.*

■ For similar reasons, the Rhode Island APA governs the limitations period for judicial review in this case. The Rhode Island APA, like the Massachusetts APA, confines review to the record or, in cases of alleged procedural irregularity, to proof in court of those irregularities. R.I. Gen. Laws § 42–35–15(f). The reviewing court "shall not substitute its judgment for that of the agency as to weight of the evidence on questions of fact." *Id.* § 42–35–15(g). The court "may reverse or modify the [agency] decision if substantial rights of the appellant have been prejudiced" in a manner consistent with the usual grounds for reversal on judicial review of an administrative agency. *Id.* The character of the hearings under both the Rhode Island APA and the IDEA is essentially one of review. *Cf. Board of Educ. v. Rowley*, 458 U.S. 176, 207–09, 102 S.Ct. 3034, 3051–52, 73 L.Ed.2d 690 (1982); · *Burlington v. Department of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984).

The district court focused on the provisions of R.I. Gen. Laws § 16–39–3.1. By its literal terms, that section is not a judicial review provision for an aggrieved party but a finality and enforcement provision for the prevailing party where no review was available or was sought:

> Enforcement of final decisions—All final decisions made after a hearing by the commissioner of elementary and secondary education or the board of regents for elementary and secondary education, and which are not subject to further judicial or administrative review, shall be enforceable by mandamus or any other suitable civil action in the superior court for Providence County at the request of any interested party. All such decisions of the commissioner and board shall become final if judicial or further administrative review is not properly sought within thirty (30) days of their issuance.

*Id.* § 16–39–3.1.

Even assuming that section 16–39–3.1 is a judicial review provision, this section of Rhode Island law is *not* the most analogous to the federal scheme. The decision at issue was made by an impartial review officer (not by one of the officials listed). *See* Regulations § 10 (impartial review officer may not be the Commissioner or an employee of the Rhode Island Department of Elementary and Secondary Education); *see also* 20 U.S.C. § 1415(b)(2) (impartial due process hearing officer may not be an employee of the state educational agency). The decision was also subject to further judicial or administrative review.

As a matter of federal law, the administrative decision here is more similar to those governed by section 16–39–4, which expressly states that any aggrieved party may obtain judicial review "as provided in chapter 35 of title 42." Chapter 35 of title 42 is the Rhode Island APA. Chapter 39 itself is concerned with "[p]arties having any matter of dispute between them arising under any law relating to schools or education." R.I. Gen. Laws § 16–39–1. The federal district court for the district of Rhode Island had previously noted that section 16–39–4 applies to cases involv-

ing benefits for handicapped children under chapter 39. *Laura V. v. Providence Sch. Bd.*, 680 F.Supp. 66, 70 (D.R.I.1988).

In holding that the APA does not apply, the opinion in the trial courts relied on a different chapter of the education laws, chapter 60. Chapter 60 establishes the Board of Regents for Elementary and Secondary Education and defines its duties. Chapter 60 contains a provision exempting itself from the provisions of the APA. Rhode Island General Laws section 16–60–10 states that "the provisions of the Administrative Procedures Act, chapter 35 of title 42, shall not apply to this chapter."

Federal law requires that we look to the most closely analogous statute of limitations, and the review procedures which have been applied to chapter 60 are not analogous to the review provisions of the IDEA. Under section 16–60–10, review of decisions of the Board of Regents is by writ of certiorari. *Pawtucket Sch. Comm. v. Board of Regents for Elementary and Secondary Educ.*, 513 A.2d 13, 15 (R.I.1986); *Bristol Sch. Dep't v. Board of Regents for Educ.*, 121 R.I. 143, 396 A.2d 936 (1979). Review under the IDEA is a matter of right rather than discretionary. Under the provisions of the IDEA, all aggrieved parties, school committees and parents alike, are entitled to judicial review:

> *Any party* aggrieved by the findings and decision made under subsection (b) of this section [providing for first level of administrative review] who does not have the right to an appeal under subsection (c) [providing for impartial review of the hearing officer's decision], and any party aggrieved by the findings and decision under subsection (c), *shall have the right to bring a civil action* with respect to the complaint presented pursuant to this section. . . .

20 U.S.C. § 1415(e)(2) (emphasis added); *see also Doe v. Anrig*, 561 F.Supp. 121, 124 (D.Mass.1983) (reviewing town's appeal from administrative decision under the IDEA, then known as the Education for All Handicapped Children Act). Indeed, *entitlement* to review is arguably the most salient feature of review under the IDEA. Review under the

Rhode Island APA is also a matter of right. *See* R.I. Gen. Laws § 42–35–15 (providing that anyone who has exhausted all available administrative remedies is *entitled* to judicial review under the APA). By contrast, review by writ of certiorari to the state's highest court is discretionary and is used for significant issues of public interest. Because federal law requires borrowing the most closely analogous statute of limitations, we look to section 16–39–4, the provision providing for APA review, rather than to case law providing for review by writ of certiorari.

The adoption of the district court's position would pose another problem under federal law, which we describe, but which we need not resolve in light of our holding. Under that position, parents or school systems seeking to appeal from decisions by impartial review officers acting pursuant to the IDEA would effectively have less than thirty days within which to seek judicial review. That is because the finality provision of section 16–39–3.1 starts the clock running from the date a decision is issued. Here the parties did not receive the review officer's decision until approximately fifteen days after the date of that decision, and thirteen days after it was received by the RIDE. Thus, about half of the thirty days had elapsed before the parties even knew of the decision. The delay occurred because the hearing officer forwarded the decision to the state Department of Special Education, which then forwarded it to the parties. Bureaucracies being what they are, some delay is inevitable. Whether less than thirty days to seek review would be inconsistent with the IDEA's goal of parental involvement is a serious issue.[3] *See, e.g.,* 20 U.S.C. § 1415(b)(1)(D) (requiring school authorities to give parents notice of pertinent procedures); *see also Amann,* 991 F.2d at 932.

Finally, even if we were to choose the applicable statute of limitations based solely on the requirements of state law, it is far from clear that chapter 60 is applicable here. By its terms, this exclusion from the APA applies only to chapter 60, and not to the provisions of chapter 39 on which the Provi-

---

**3.** The parties advise us that the hearing officers are now told to mail their decisions directly to

the parties. Even so, the mail takes time, which again cuts into the thirty day limitations period.

dence Department relies. If one probes behind the literal terms of the chapter 60 exclusion provision, there is little reason to think this exclusion was meant to apply to disputes between a child and a school system, like the dispute here. The Rhode Island APA has a number of provisions governing the internal operations of state agencies, such as the procedures for adopting rules, R.I. Gen. Laws § 42–35–3, and restrictions on ex parte contacts, *id.* § 42–35–13. That the Rhode Island legislature may have intended to exempt the Board of Regents from these rules under certain circumstances does not necessarily mean that the legislature intended to exempt from judicial review under the APA matters within the purview of chapter 39 concerning benefits owed to children under education laws. In *Pawtucket School Committee v. Pawtucket Teachers Alliance,* 610 A.2d 1104, 1106 (R.I.1992), for example, the Rhode Island Supreme Court found that because section 16–39–2, which governs the appeal of school committee actions to the Commissioner of Education, was not expressly exempted from the Rhode Island APA pursuant to R.I. Gen. Laws § 42–15–18(b), certain provisions of the APA applied to hearings conducted by the Commissioner. Similarly, while listing numerous other provisions to which the APA does not apply, section 42–15–18(b) contains no express exemption for section 16–39–3.1.

It may be true that, under certain circumstances, as a matter of Rhode Island law, review of decisions pursuant to chapter 39 is not governed by the APA. There is case law suggesting that judicial review of a Board of Regents decision is only available through a writ of certiorari. *See D'Ambra v. North Providence Sch. Comm.,* 601 A.2d 1370, 1372 (R.I.1992). We need not resolve this issue of state law, for this case is more analogous, as a matter of federal law, to the type of cases reviewed under the APA.

For these reasons, we hold that the Rhode Island APA, R.I. Gen. Laws § 42–35–15, including the statute of limitations and trigger-

ing event it sets forth, is the most closely analogous statute under state law and therefore applies to IDEA appeals from Rhode Island.[4] Because the School Department's notice of appeal fell within the Rhode Island APA limitations period, the decision of the district court dismissing the case is reversed, and the case is remanded for prompt disposition. "The legislative history, statutory terms, and regulatory framework of the IDEA all emphasize promptness as an indispensable element of the statutory scheme." *Amann,* 991 F.2d at 932. While the courts have acted expeditiously (eleven months from filing the complaint through this appeal), the events at issue go back to 1990. Justice would be best served by a prompt resolution of the longstanding dispute. No costs are awarded.

---

4. In light of this ruling, the Rhode Island Department of Elementary and Secondary Education may wish to reconsider the language it uses on its notice of decision: "The Rhode Island Department of Education does not set a time frame to bring civil action, and defers that issue to the

court in which appellant seeks jurisdiction." *Cf. Spiegler v. District of Columbia,* 866 F.2d 461, 469 (D.C.Cir.1989) (rejecting application of statute of limitations to bar parents' actions where parents had not been notified of the limitations period).