United States Court of Appeals
For the First Circuit


No. 96-2006
PROVIDENCE SCHOOL DEPARTMENT,
Plaintiff-Appellant,

v.

ANA C., a minor,
Defendant-Appellee.



ERRATA SHEET ERRATA SHEET

The opinion of this Court issued on March 3, 1997 is
corrected as follows:

On the cover sheet, line 16: substitute "Pollock" for
"Pollack" and substitute "Incorporated" for "Inc."

United States Court of Appeals
For the First Circuit



No. 96-2006

PROVIDENCE SCHOOL DEPARTMENT,

Plaintiff-Appellant,

v.

ANA C., a minor,

Defendant-Appellee.



APPEAL FROM THE UNTIED STATES DISTRICT COURT 

FOR THE DISTRICT COURT OF RHODE ISLAND

[Hon. Raymond J. Pettine, U.S. District Judge] 



Before

Boudin, Cyr, and Lynch, Circuit Judges. 



David A. Wollin, with whom Patricia K. Rocha, R. Bart Totten and 
Adler Pollock & Sheehan Incorporated were on brief for appellant. 
Martha McVicker, with whom the Rhode Island Protection and 
Advocacy System was on brief for appellee. 


March 3, 1997



LYNCH, Circuit Judge. An impartial review LYNCH, Circuit Judge. 

officer, acting under the Individuals with Disabilities

Education Act ("IDEA"), 20 U.S.C. 1400 et seq., found that 

the Providence School Department owed benefits to a special

needs student, Ana C., for parts of the years 1990 through

1992. The School Department sought review in the United

States District Court within thirty days of receiving that

decision, consistent with the time periods contained in the

state Administrative Procedures Act ("APA"). The district

court dismissed the claim as untimely, finding that federal

law borrowed a different state limitations period, one which

uses issuance of a decision, not receipt of a decision, to

trigger the thirty day period.1 We reverse the dismissal. 

I.

The essential facts are not in dispute. Ana C., a

mentally retarded minor, is entitled to receive special

educational services under the IDEA. Ana lived in

Providence, Rhode Island from August 1989 to November 1992,

and she was entitled to 230 days of special education

services per year under the Rhode Island Board of Regents'

Regulations Governing the Special Education of Children with

Disabilities (the "Regulations"). 

 

1. Because the enactment of the IDEA preceded the enactment
of 28 U.S.C. 1658, the IDEA is unaffected by that
establishment of a four year statute of limitations for all
federal causes of action lacking a specific limitations
period. Id. 

-2- 2

The School Department did not provide Ana the

summer educational services she sought for the summers of

1990, 1991, and a portion of 1992. The School Department

conceded in October of 1992 that Ana was entitled to receive

a total of 150 days of special education that the Department

had previously failed to provide. But when the School

Department learned that Ana and her father had moved to West

Chester, Pennsylvania in November 1992, it reversed its

position, saying that Ana could not receive the 150 days as

long as she resided outside of Rhode Island. 

Ana sought a hearing. On August 30, 1995, an

impartial hearing officer for the Rhode Island Department of

Education ("RIDE") decided that, because Ana lived out of

state, she could not receive the 150 days. The officer was

not an employee of the school district or a member of the

school committee, in accordance with 20 U.S.C. 1415(b)(2)

and section 7 of the Regulations. 

Ana, then age fourteen, appealed the hearing

officer's decision pursuant to 20 U.S.C. 1415(c) and

section 9 of the Regulations. An impartial review officer

reversed. As required by section 10 of the Regulations, that

officer was not an employee of the Rhode Island Department of

Education or a member of the Rhode Island Board of Regents.

His decision, dated January 23, 1996, awarded Ana

-3- 3

compensation for 150 days of special education from the

Department, despite her Pennsylvania residency. 

The review officer's decision was forwarded to the

Office of Special Needs of the RIDE and was received on

January 26, 1996. The RIDE then forwarded the decision to

counsel for Ana and to the School Department. Though the

precise date of the forwarding is unclear, the School

Department did not receive the decision until February 7,

1996. 

The Providence School Department, pursuant to 20

U.S.C. 1415(e)(2), filed its complaint challenging the

final agency decision in the United States District Court for

the District of Rhode Island on March 4, 1996. Ana then

moved to dismiss the complaint on the ground that it was

filed forty-one days after the state review officer issued

his decision. This, Ana argued, exceeded the thirty days

from issuance allowed by law and was thus untimely. 

Accepting the report and recommendation of a United

States Magistrate Judge, the district court granted Ana's

motion and dismissed the School Department's complaint.

Although section 1415(e)(2) does not specify a limitations

period, the Supreme Court has directed federal courts to

"apply the most closely analogous statute of limitations

under state law," DelCostello v. International Bhd. of 

Teamsters, 462 U.S. 151, 158 (1983), so long as "it is not 

-4- 4

inconsistent with federal law or policy to do so." Wilson v. 

Garcia, 471 U.S. 261, 266-67 (1985). The magistrate judge 

had found that the most closely analogous statute was R.I.

Gen. Laws 16-39-3.1 and therefore that the thirty day

limitations period had begun to run when the decision was

issued on January 23, 1996.2 

The School Department appeals, arguing that the

most analogous state limitations statute is the Rhode Island

APA, R.I. Gen. Laws 42-35-15, under which the thirty day

limitations period begins to run from the date of receipt

rather than the date of issuance. See Bayview Towing, Inc. 

v. Stevenson, 676 A.2d 325, 328 (R.I. 1996) (thirty day 

limitations period under section 42-35-15 triggered by

receipt of the final agency decision). Under that standard,

the Department argues, its appeal was timely filed and

improperly dismissed.

II.

This case presents a pure issue of law. Our review

of a grant of a motion to dismiss is de novo. Glassman v. 

Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).  

In enacting the IDEA, Congress contemplated that

there would be judicial review of the decisions of the review

 

2 The Department did not argue that the "issuance" of the
decision was the date it was sent to the parties, rather than
the date the review officer submitted it to the state agency
to send to the parties. Accordingly, we do not consider that
point.

-5- 5

officer, but did not set a statutory time limit during which

the petition for judicial review must be brought. Courts

have looked to the most analogous statutes of limitations

from the laws of the pertinent state, provided that those

laws do not conflict with the federal policies inherent in

the statute. See Wilson, 471 U.S. at 266-67. In Amann v. 

Town of Stow, 991 F.2d 929, 931 (1st Cir. 1993)(per curiam), 

this court, in a case involving a special needs child from

Massachusetts, held that the Massachusetts APA contains the

"most analogous" state law cause of action to the civil

action authorized by section 1415(e)(2). In so doing, this

court found that "courts reviewing agency decisions under the

IDEA will rely primarily on the administrative record, and

will scrutinize agency action for procedural regularity and

substantive validity, but will not impos[e] their view of

preferable . . . methods on the state agency. Thus, the

character of the hearing . . . under the Massachusetts

statute is essentially one of review." Id. at 932 (internal 

quotation marks and citations omitted). The Amann court also 

considered whether the short limitations period (thirty days

from receipt) was inconsistent with the goals of the IDEA,

and concluded that it was not. Id. 

For similar reasons, the Rhode Island APA governs

the limitations period for judicial review in this case. The

Rhode Island APA, like the Massachusetts APA, confines review

-6- 6

to the record or, in cases of alleged procedural

irregularity, to proof in court of those irregularities.

R.I. Gen. Laws 42-35-15(f). The reviewing court "shall not

substitute its judgment for that of the agency as to weight

of the evidence on questions of fact." Id. 42-35-15(g). 

The court "may reverse or modify the [agency] decision if

substantial rights of the appellant have been prejudiced" in

a manner consistent with the usual grounds for reversal on

judicial review of an administrative agency. Id. The 

character of the hearings under both the Rhode Island APA and

the IDEA is essentially one of review. Cf. Board of Educ. v. 

Rowley, 458 U.S. 176, 207-09 (1982); Burlington v. Department 

of Educ., 736 F.2d 773, 791 (1st Cir. 1984). 

The district court focused on the provisions of

R.I. Gen. Laws 16-39-3.1. By its literal terms, that

section is not a judicial review provision for an aggrieved

party but a finality and enforcement provision for the

prevailing party where no review was available or was sought:

Enforcement of final decisions -- 
All final decisions made after a hearing
by the commissioner of elementary and
secondary education or the board of
regents for elementary and secondary
education, and which are not subject to
further judicial or administrative
review, shall be enforceable by mandamus
or any other suitable civil action in the
superior court for Providence County at
the request of any interested party. All
such decisions of the commissioner and
board shall become final if judicial or
further administrative review is not

-7- 7

properly sought within thirty (30) days
of their issuance.

Id. 16-39-3.1.  

Even assuming that section 16-39-3.1 is a judicial

review provision, this section of Rhode Island law is not the

most analogous to the federal scheme. The decision at issue

was made by an impartial review officer (not by one of the

officials listed). See Regulations 10 (impartial review 

officer may not be the Commissioner or an employee of the

Rhode Island Department of Elementary and Secondary

Education); see also 20 U.S.C. 1415(b)(2) (impartial due 

process hearing officer may not be an employee of the state

educational agency). The decision was also subject to

further judicial or administrative review.

As a matter of federal law, the administrative

decision here is more similar to those governed by section

16-39-4, which expressly states that any aggrieved party may

obtain judicial review "as provided in chapter 35 of title

42." Chapter 35 of title 42 is the Rhode Island APA.

Chapter 39 itself is concerned with "[p]arties having any

matter of dispute between them arising under any law relating

to schools or education." R.I. Gen. Laws 16-39-1. The

federal district court for the district of Rhode Island had

previously noted that section 16-39-4 applies to cases

involving benefits for handicapped children under chapter 39.

-8- 8

Laura V. v. Providence Sch. Bd., 680 F. Supp. 66, 70 (D.R.I. 

1988).

In holding that the APA does not apply, the

opinion in the trial courts relied on a different chapter of

the education laws, chapter 60. Chapter 60 establishes the

Board of Regents for Elementary and Secondary Education and

defines its duties. Chapter 60 contains a provision

exempting itself from the provisions of the APA. Rhode

Island General Laws section 16-60-10 states that "the

provisions of the Administrative Procedures Act, chapter 35

of title 42, shall not apply to this chapter."

Federal law requires that we look to the most

closely analogous statute of limitations, and the review

procedures which have been applied to chapter 60 are not

analogous to the review provisions of the IDEA. Under

section 16-60-10, review of decisions of the Board of Regents

is by writ of certiorari. Pawtucket Sch. Comm. v. Board of 

Regents for Elementary and Secondary Educ., 513 A.2d 13, 15 

(R.I. 1986); Bristol Sch. Dep't v. Board of Regents for 

Educ., 396 A.2d 936 (R.I. 1979). Review under the IDEA is a 

matter of right rather than discretionary. Under the

provisions of the IDEA, all aggrieved parties, school

committees and parents alike, are entitled to judicial

review: 

Any party aggrieved by the findings and 
decision made under subsection (b) of

-9- 9

this section [providing for first level
of administrative review] who does not
have the right to an appeal under
subsection (c) [providing for impartial
review of the hearing officer's
decision], and any party aggrieved by the
findings and decision under subsection
(c), shall have the right to bring a 
civil action with respect to the 
complaint presented pursuant to this
section . . . .

20 U.S.C. 1415(e)(2) (emphasis added); see also Doe v. 

Anrig, 561 F. Supp. 121, 124 (D. Mass. 1983) (reviewing 

town's appeal from administrative decision under the IDEA,

then known as the Education for All Handicapped Children

Act). Indeed, entitlement to review is arguably the most 

salient feature of review under the IDEA. Review under the

Rhode Island APA is also a matter of right. See R.I. Gen. 

Laws 16-35-15 (providing that anyone who has exhausted all

available administrative remedies is entitled to judicial 

review under the APA). By contrast, review by writ of

certiorari to the state's highest court is discretionary and

is used for significant issues of public interest. Because

federal law requires borrowing the most closely analogous

statute of limitations, we look to section 16-39-4, the

provision providing for APA review, rather than to case law

providing for review by writ of certiorari.

The adoption of the district court's position would

pose another problem under federal law, which we describe,

but which we need not resolve in light of our holding. Under

-10- 10

that position, parents or school systems seeking to appeal

from decisions by impartial review officers acting pursuant

to the IDEA would effectively have less than thirty days

within which to seek judicial review. That is because the

finality provision of section 16-39-3.1 starts the clock

running from the date a decision is issued. Here the parties

did not receive the review officer's decision until

approximately fifteen days after the date of that decision,

and thirteen days after it was received by the RIDE. Thus,

about half of the thirty days had elapsed before the parties

even knew of the decision. The delay occurred because the

hearing officer forwarded the decision to the state

Department of Special Education, which then forwarded it to

the parties. Bureaucracies being what they are, some delay

is inevitable. Whether less than thirty days to seek review

would be inconsistent with the IDEA's goal of parental

involvement is a serious issue.3 See, e.g., 20 U.S.C.  

1415(b)(1)(D) (requiring school authorities to give parents

notice of pertinent procedures); see also Amann, 991 F.2d at 

932.

Finally, even if we were to choose the applicable

statute of limitations based solely on the requirements of

 

3 The parties advise us that the hearing officers are now
told to mail their decisions directly to the parties. Even
so, the mail takes time, which again cuts into the thirty day
limitations period.

-11- 11

state law, it is far from clear that chapter 60 is applicable

here. By its terms, this exclusion from the APA applies only

to chapter 60, and not to the provisions of chapter 39 on

which the Providence Department relies. If one probes behind

the literal terms of the chapter 60 exclusion provision,

there is little reason to think this exclusion was meant to

apply to disputes between a child and a school system, like

the dispute here. The Rhode Island APA has a number of

provisions governing the internal operations of state

agencies, such as the procedures for adopting rules, R.I.

Gen. Laws 42-35-3, and restrictions on ex parte contacts,

id. 42-35-13. That the Rhode Island legislature may have 

intended to exempt the Board of Regents from these rules

under certain circumstances does not necessarily mean that

the legislature intended to exempt from judicial review under

the APA matters within the purview of chapter 39 concerning

benefits owed to children under education laws. In Pawtucket 

School Committee v. Pawtucket Teachers Alliance, 610 A.2d 

1104, 1106 (R.I. 1992), for example, the Rhode Island Supreme

Court found that because section 16-39-2, which governs the

appeal of school committee actions to the Commissioner of

Education, was not expressly exempted from the Rhode Island

APA pursuant to R.I. Gen. Laws 42-15-18(b), certain

provisions of the APA applied to hearings conducted by the

Commissioner. Similarly, while listing numerous other

-12- 12

provisions to which the APA does not apply, section 42-15-

18(b) contains no express exemption for section 16-39-3.1. 

It may be true that, under certain circumstances,

as a matter of Rhode Island law, review of decisions pursuant

to chapter 39 is not governed by the APA. There is case law

suggesting that judicial review of a Board of Regents

decision is only available through a writ of certiorari. See 

D'Ambra v. North Providence Sch. Comm., 601 A.2d 1370, 1372 

(R.I. 1992). We need not resolve this issue of state law,

for this case is more analogous, as a matter of federal law,

to the type of cases reviewed under the APA.

For these reasons, we hold that the Rhode Island

APA, R.I. Gen. Laws 42-35-15, including the statute of

limitations and triggering event it sets forth, is the most

closely analogous statute under state law and therefore

applies to IDEA appeals from Rhode Island.4 Because the

School Department's notice of appeal fell within the Rhode

Island APA limitations period, the decision of the district

court dismissing the case is reversed, and the case is

 

4 In light of this ruling, the Rhode Island Department of
Elementary and Secondary Education may wish to reconsider the
language it uses on its notice of decision: "The Rhode Island
Department of Education does not set a time frame to bring
civil action, and defers that issue to the court in which
appellant seeks jurisdiction." Cf. Speigler v. District of 
Columbia, 866 F.2d 461, 469 (D.C. Cir. 1989) (rejecting 
application of statute of limitations to bar parents' actions
where parents had not been notified of the limitations
period). 

-13- 13

remanded for prompt disposition. "The legislative history,

statutory terms, and regulatory framework of the IDEA all

emphasize promptness as an indispensable element of the

statutory scheme." Amann, 991 F.2d at 932. While the courts 

have acted expeditiously (eleven months from filing the

complaint through this appeal), the events at issue go back

to 1990. Justice would be best served by a prompt resolution

of the longstanding dispute. No costs are awarded.

-14- 14