NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

APR 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-55826 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-01653-GPC-1 |
| v. | |
| FRANCISCO GERMAN ALVAREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted April 8, 2024**
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and BOLTON,*** District
Judge.

Francisco Alvarez ("Alvarez") appeals from the district court's denial of his

28 U.S.C. § 2255 motion, challenging his conviction following a guilty plea. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

review de novo the district court's denial of a § 2255 motion. *United States v. Seng Chen Yong*, 926 F.3d 582, 589 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      Alvarez argues that the district court clearly erred in finding that he knowingly and voluntarily pleaded guilty. We review the voluntariness of Alvarez's guilty plea de novo and the district court's underlying factual findings regarding the voluntariness of the plea for clear error. *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id.* (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Alvarez claims that his plea was unknowing and involuntary because he was paranoid that prison staff were conspiring to cause him "mental anguish" and because other inmates treated him poorly due to his germaphobia obsessive compulsive disorder ("OCD"). While Alvarez may have believed that he lacked the criminal intent to commit the crime with which he was charged, he chose to plead guilty because he was eager to be released from custody. Despite his claimed paranoia and germaphobia OCD, Alvarez clearly understood the consequences of his available options—either proceed to trial and remain in custody or plead guilty and be sentenced to time served. "[B]eing forced to choose between [these] unpleasant alternatives is not unconstitutional." *Id.* at 1115–16.

2

The district court also conducted a thorough change of plea hearing, during which Alvarez affirmed that: (1) he was not under the influence of medication, alcohol, or drugs, or under substantial stress; (2) nobody had threatened, coerced, unduly pressured him, or promised him anything to plead guilty; (3) he fully understood the plea agreement and proceedings; and (4) he was knowingly and voluntarily pleading guilty. Alvarez's sworn statements during his plea colloquy "carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Alvarez's contrary allegations in support of his § 2255 motion fail to overcome this barrier. There is no basis in the record to conclude that his guilty plea was unknowing or involuntary.

2. Alvarez also suggests that the district court erred by denying his § 2255 motion without holding an evidentiary hearing on Alvarez's competency. "[A] competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993); *see* 18 U.S.C. § 4241(a). The competency standard for a defendant to plead guilty is the same as the competency standard to stand trial. *Moran*, 509 U.S. at 398–99. Alvarez concedes that he was competent to stand trial, and points to no evidence in the record that he lacked the "ability to understand the proceedings [or] to assist counsel in preparing a defense" when he pleaded guilty. *Miles v. Stainer*, 108 F.3d

3

1109, 1112 (9th Cir. 1997) (citations omitted). No evidentiary hearing was therefore required.

3. Alvarez argues that he was denied effective assistance of counsel because his attorney failed to investigate Alvarez's competency, consult a psychiatric professional, or consider a *mens rea* defense. To show ineffective assistance of counsel, Alvarez must demonstrate that (1) trial "counsel's representation fell below an objective standard of reasonableness" and (2) counsel's deficient representation was prejudicial, that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). We review de novo the legal question of whether a defendant received ineffective assistance of counsel and review the district court's underlying factual findings for clear error. *Heishman v. Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010) (citation omitted).

"Trial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003). Alvarez's ineffective assistance claim regarding his trial counsel's failure to investigate Alvarez's competency before his guilty plea fails because, as Alvarez recognizes, he was competent to stand trial; he was therefore competent to plead guilty. *See Moran*, 509 U.S. at 398–99; *Stanley v.*

4

*Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (ruling an attorney's failure to move for a competency hearing constitutes ineffective assistance when an "objectively reasonable" attorney would have reason to doubt the defendant's competency and "there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered") (internal quotation marks and citation omitted).

As for trial counsel's failure to investigate *mens rea* defenses, we need not determine whether this constituted deficient performance, because any such professional error was not prejudicial. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). To show "prejudice" in a guilty-plea case, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Alvarez was unequivocal that while he believed he lacked the requisite intent for the crime with which he was charged, he chose to plead guilty in exchange for the government's recommendation of time served. Alvarez fails to show a reasonable probability that he would have forgone this opportunity and "insisted on going to trial" had his attorney investigated a *mens rea* defense. *Id.*

**AFFIRMED.**